JULIA PENNY CLARK (*admitted pro hac vice*)
ROBERT ALEXANDER (*admitted pro hac vice*)
KATHLEEN M. KELLER (*admitted pro hac vice*)
BREDHOFF & KAISER P.L.L.C.
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C.  20005-2207
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
E-mail: kkeller@bredhoff.com

GLENN ROTHNER (CSB No. 67353)
ELLEN GREENSTONE (CSB No. 66022)
ROTHNER, SEGALL, GREENSTONE & LEHENY
510 South Marengo Avenue
Pasadena, California  91101-3115
Telephone:     (626) 796-7555
Facsimile:     (626) 577-0124
E-mail:  egreenstone@rsgllabor.com

Attorneys for Plaintiff John Ronches

SCOTT A. KRONLAND (CSB No. 171693)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile:   (415) 362-8064
E-mail: skronland@altshulerberzon.com

Attorney for Plaintiff SEIU United Long Term Care Workers Local 6434

DAVID L. BACON (Bar No. 042692)
KELLY L. KRESS (Bar No. 246368)
Nixon Peabody LLP
Gas Company Tower
555 West Fifth Street, 46th Floor
Los Angeles, CA 90013
Tel: (213) 629-6000
Fax: (213) 629-6001
E-mail: dbacon@nixonpeabody.com
*Attorneys for Defendant Tyrone Freeman*

FRED B. GRIFFIN (SBN 66027)
E-mail:  fgriffin@bwslaw.com
ALBERT TONG (SBN 208439)
E-mail:  atong@bwslaw.com
Burke, Williams & Sorensen, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600    Fax:  213.236.2700
*Attorneys for Defendant Dickerson Employee Benefits, Inc.*

/ / /

GORDON J. CALHOUN (State Bar No. 84509)
E-mail: Calhoun@lbbslaw.com
ERIN L. HILEY (State Bar No. 236322)
E-mail: Hiley@lbbslaw.com
Lewis Brisbois Bisgaard & Smith LLP
221 N. Figueroa Street, Floor 12
Los Angeles, CA 90012
Tel: (213) 250-1800
Fax: (213) 250-7900
*Attorneys for Defendant TelaDoc, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN RONCHES, et al., | CASE NO. CV 09-4279 MMM (PJWx) |
| Plaintiffs, | JOINT APPLICATION FOR ENTRY OF PROTECTIVE ORDER |
| v. | |
| DICKERSON EMPLOYEE BENEFITS, INC., *et al.*, | |
| Defendants. | |

**JOINT APPLICATION FOR ENTRY OF PROTECTIVE ORDER**

The parties jointly apply to the Court for entry of the proposed Protective Order, attached hereto as Attachment 1, based on the following points:

1. This litigation involves claims regarding the administration and management of a health and welfare Plan that provides health and welfare

benefits to thousands of Plan participants and beneficiaries.  The parties therefore anticipate that many of the documents to be exchanged in this litigation will contain confidential health and other private information (*e.g.*, social security numbers and home addresses) of participants of the Long Term Care Workers Health Plan, as well as confidential information of the parties.

2. In addition, prior to the commencement of litigation Defendant Dickerson Employee Benefits provided certain relevant documents to the Long Term Care Workers Health Trust Fund pursuant to a Confidential Information Agreement, which provided that, if a dispute arose between the parties, the parties would apply to the Court for a Protective Order prior to using any of the documents disclosed pursuant to that Agreement.  Defendant Dickerson Employee Benefits and Plaintiff Ronches, on behalf of the Trust Fund, desire the entry of the attached proposed Protective Order to cover those documents as well as documents to be produced in the litigation.

3. The parties have conferred, and agree that the attached proposed Protective Order is appropriate and desirable in this case.

Wherefore, the parties jointly request that the Court enter the attached proposed Protective Order.

Respectfully submitted,

/s/ Julia Penny Clark
Julia Penny Clark
Robert Alexander
Kathleen M. Keller
Bredhoff & Kaiser P.L.L.C.

Glenn Rothner (CSB No. 67353)
Ellen Greenstone (CSB No. 66022)
Rothner, Segall, Greenstone & Leheny

*Attorneys for Plaintiff John Ronches*

Scott A. Kronland (CSB No. 171693)
Altshuler Berzon LLP

*Attorney for Plaintiff SEIU United Long Term Care Workers Local 6434*

/s/ David L. Bacon
David L. Bacon
Kelly L. Kress
NIXON PEABODY LLP

*Attorneys for Tyrone Freeman*

/s/ Fred B. Griffin
Fred B. Griffin
Albert Tong
BURKE, WILLIAMS & SORENSEN, LLP

*Attorneys for Dickerson Employee Benefits, Inc.*

|   |   |
|---|---|
| 1 | |
| 2 | /s/Gordon J. Calhoun |
|   | Gordon J. Calhoun (CSB No. 84509) |
| 3 | Erin L Hiley (CSB No. 236322) |
|   | LEWIS   BRISOIS   BISGAARD   & |
| 4 | SMITH LLP |
| 5 | *Attorneys for TelaDoc, Inc.* |

December 7, 2009

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RONCHES, et al., | ) CASE NO. CV 09-4279 MMM (PJWx) |
| Plaintiffs, | ) JOINT STIPULATED PROTECTIVE ORDER |
| v. | ) |
| DICKERSON EMPLOYEE BENEFITS, INC., *et al*., | ) |
| Defendants. | ) |

## JOINT STIPULATED PROTECTIVE ORDER

Having reviewed the Parties' Joint Motion for Entry of Stipulated Protective Order, and for good cause shown, the Court Hereby ORDERS:

1. **Necessity of Order**: The parties will make certain requests for production of documents from each other, and have exchanged or intend to exchange certain documents for which the parties claim confidentiality. These documents may contain confidential health, financial, attorney-client privileged, and other private information (*e.g*., social security numbers and home addresses) of the parties and participants of the Long Term Care Workers Health Plan.

2. **Scope of Order**.  This Order governs the use, handling, and return or destruction of documents, electronic information in any form (including embedded data and metadata), testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced by any of the litigants or third parties in these litigation proceedings, as well as materials previously provided by Defendant Dickerson Employee Benefits to the Long Term Care Workers Health Trust Fund subject to a Confidential Information Agreement between those parties.

3. **Designation of Confidential Material**.  The Producing Party may designate as "Confidential" any Material that it produces in this Litigation which contains confidential information, which includes financial information, pricing, customer lists, labor relations information, human relations information, internal strategy or strategic planning information, or internal communications regarding the Material designated as confidential; non-public personal information (including social security numbers and home addresses) or HIPAA Protected Health Information ("PHI"); or other information for which a good faith claim of need of protection from disclosure can be made under applicable law ("Confidential Material").  Plaintiff Ronches shall also designate as "Confidential" any documents in the possession of the Long Term Care Workers Health Trust Fund that were previously received from Defendant Dickerson

Employee Benefits pursuant to the Confidential Information Agreement. The designations will be made by an attorney, and will be designated in conformance with Paragraph 6 of this Agreement; provided, however, that any and all material containing PHI shall be deemed to be Confidential Information subject to this Agreement, whether or not that information has been so designated.

4. **Persons Who May Access Confidential Material**. Except as provided in Paragraph 9, absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons:

(a) Employees of Parties to this Litigation who are actively involved in assisting with the prosecution or defense of this Litigation;

(b) Outside counsel of record for the Parties;

(c) Outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties by their outside counsel to assist in the preparation of this case;

(d) Court reporters, videographers, and stenographers;

(e) Third party witnesses, including former employees of the Parties, called to testify as deponents, but only in accordance with the provisions of paragraph 7 of this Order;

3

     (f)     Outside photocopying, graphic production services or litigation support services employed by the Parties' counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

     (g)     The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation; and

     (h)     The Court and personnel of the Court.

5.    **Application of this Agreement to Persons With Access to Confidential Material**.  Except as otherwise stated herein, each person listed in sections (a) through (g) above who are given access to Confidential Material shall be advised that the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than as set forth in this Order.  Before any such person is shown any Confidential Material, that person must be shown a copy of this Order and instructed that he or she is bound by its provisions.  The instruction shall be part of the record of any deposition where confidential information is shown to a witness.  When such instruction is not provided to a person in his or her capacity as a deponent

in this action, the person shall provide written evidence of his or her agreement to be bound by the Order by executing an acknowledgment of receipt of this Order and agreement to be bound thereby in a form that is substantially consistent with Exhibit A to this stipulation and Order.

6. **Production of Documents and Other Material Containing Confidential Material**.  The designation of Confidential Material for the purposes of this Agreement shall be made in the following manner:

    (a) In the case of documents and written discovery responses, by affixing the legend "Confidential" to each page containing any Confidential Material.

    (b) In the case of electronically stored information in any form (including embedded data and metadata) (collectively, "ESI"), by designating the ESI as Confidential in a cover letter accompanying the production of the ESI.  Where feasible, counsel for the Producing Party will also mark the disk, tape or other electronic media on which the ESI is produced with the appropriate designation.  If a Party reduced Confidential ESI to hardcopy form, it shall mark the hardcopy with the appropriate designation.  Whenever any

Confidential Data is copied, all copies shall be marked with the appropriate designation.

(c) In the case of depositions or other pre-hearing testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice sent to all counsel of record for the Parties within thirty calendar days after receipt of the transcript of the deposition. All transcripts shall be considered Confidential and subject to this Agreement until expiration of that thirty-day period. All videotapes of depositions shall be clearly labeled Confidential, as appropriate pursuant to this Agreement.

(d) To the extent that a person described in Paragraph 4 creates, develops, establishes, or otherwise maintains, on any computer, network, disk, tape, or other digital or analog machine-readable device, any information, files, databases or programs that contain Confidential Material, such person shall take all necessary steps to insure that access to any Confidential Material is restricted to those persons who, by the terms of this Agreement, are allowed access to the Material.

(e) The inadvertent failure to stamp a document as Confidential shall not be deemed a waiver of a claim of confidentiality. The Producing Party shall give written notice to the Party receiving the Confidential Material promptly after the omission is discovered, and the receiving Party shall then treat those materials as Confidential Information in accordance with this Agreement.

7. **Use of Confidential Material at Depositions**. Counsel for any Party may use Confidential Material to prepare and examine fact witnesses (a) who are currently employed by the Producing Party, (b) who were employed by the Producing Party at the time the Material was created, (c) who created or received the Material, or (d) who have agreed in writing, served on Counsel for all Parties, to be bound by the provisions of this Order. With respect to witnesses testifying at deposition, the Party wishing to use Confidential Material at deposition shall inform the deponent that he or she is bound by the Order of the Court and shall not discuss the content of any Confidential Material outside the deposition without first obtaining leave of Court to do so.

8. **Use of Confidential Material in Motions or at Hearing**. Confidential Material may be filed with the Court in support of motions or otherwise provided that the party seeking to file or use the materials first either:

a) confers with the producing party to determine if redaction in accordance with Local Rule 79-5.4 will satisfy all confidentiality concerns; or b) seeks the Court's permission to file the materials under seal pursuant to Local Rule 79-5.1.  Use of such materials at trial will be determined by the Court at a later date.

9. **Previously Obtained Material**.  Nothing in this Order shall preclude any Party to the Litigation or its attorney from showing a document designated as Confidential Material to an individual who prepared, authored, received, or reviewed the material prior to the filing of this action.

10. **No Waiver of Privilege**.  Pursuant to the provisions of Federal Rule of Evidence 502, if information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other ground for withholding production to which any Producing Party would otherwise be entitled.  Specifically, no waiver of the attorney-client privilege, attorney work product protection or immunity shall have occurred where the production of the privileged, protected or immune information was inadvertent, and the producing party took reasonable steps to prevent disclosure, and after such disclosure, took reasonable steps to rectify the error, as required by Federal Rule of Evidence 502 (information meeting these requirements shall

be referred to herein as "Inadvertently Disclosed Material"). The parties stipulate and the Court orders that any Inadvertently Disclosed Material disclosed in connection with the instant proceeding and pursuant to this order shall not constitute a waiver of any privilege, protection, or immunity, which would otherwise exist but for the inadvertent disclosure, for purposes of the instant litigation or any other state, federal, or administrative proceeding. Subject to the provisions of Federal Rule of Evidence 502, any Inadvertently Disclosed Material shall be returned promptly to the Producing Party upon request and all copies destroyed.

      11. **Removal of Confidential Designation**. Any Party may object to the designation of any Material as Confidential by giving written notice to the Producing Party that it objects to the designation. Such notice shall specifically identify the Material at issue and state the reasons for questioning the confidentiality designation. The Objecting and Producing Party shall confer in good faith to resolve any such dispute. If the Parties are unable to resolve the dispute, the Objecting Party may apply to the Court for a ruling that the Material is not appropriately designated, giving notice to the Producing Party. Until the Court rules on the motion, the documents shall be treated as Confidential.

///

///

12. **Modification of the Agreement**. This Agreement shall not prevent a Party from applying to the Court for relief therefrom, or from agreeing to modifications of this Agreement by stipulation of the parties.

13. **Third Party Requests for Confidential Material**. If any party to this Agreement is subpoenaed in another action or proceeding, served with a document demand, or is otherwise requested to provide Material covered by this Order, and such subpoena, document demand, or request seeks Material which was produced or designated as Confidential Material by any party covered by this Order, the party receiving the subpoena, document request, or demand shall given written notice within 48 hours of receipt of such notice to counsel for the producing party. To the extent permitted by law, the party receiving the subpoena, document demand, or request shall withhold production of the Material until any dispute relating to the production of such Material is resolved in the appropriate forum.

14. **Return or Destruction of Confidential Material**. Within sixty calendar days of the termination of this action, whether by settlement or exhaustion of all appellate rights, all Confidential Material supplied by any Producing Party in the possession of any Party whose involvement in this litigation has been terminated shall be returned to the Producing Party or shall be destroyed and their destruction certified to the Producing Party. Confidential

Material shall include copies thereof and any deposition testimony (whether in transcript or videotape form) designated as Confidential Material.

15. **Parties May Use Their Own Confidential Documents**. Nothing in this Agreement shall affect a Party's use or disclosure of its own documents in any way; provided that any restrictions imposed by HIPAA on PHI will apply to use of PHI.

16. **Violation of the Protective Order**. The Court shall retain continuing jurisdiction over the enforcement of this Order and shall have discretion to impose sanctions, including reasonable monetary fines, for violations of the provisions of this Order.

So Ordered.

_____
Patrick J. Walsh
UNITED STATES JUDGE

Dated: December 10, 2009

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RONCHES, et al., | CASE NO. CV 09-4279 MMM (PJWx) |
| Plaintiffs, | |
| v. | |
| DICKERSON EMPLOYEE BENEFITS, INC., *et al.*, | |
| Defendants. | |

## EXHIBIT A

I hereby certify my understanding that Material designated "Confidential" is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this action by the United States District Court for the Central District of California, on December ___, 2009 (the "Order"). I have read and understand the terms of the Order, I agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcement of the Order.

Dated:_____          Signature:_____

                                  Name:_____