David L. Bacon (Bar No. 042692)
E-mail: dbacon@nixonpeabody.com
Michael P. Curtis (Bar No. 252392)
E-mail: mcurtis@nixonpeabody.com
Nixon Peabody LLP
Gas Company Tower
555 West Fifth Street, 46th Floor
Los Angeles, CA 90013
Tel:  (213) 629-6000
Fax: (213) 629-6001

Attorneys for Defendant
TYRONE FREEMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Laphonza Butler, as Fiduciary of the Long Term Care Workers Health Plan, on behalf of the Plan participants and beneficiaries, and as Trustee of the Long Term Care Workers Health Trust Fund, on behalf of the Trust and its beneficiaries, et al., | Case No. CV09-4279 JST (PJWx) |
| Plaintiffs, | **DISCOVERY MATTER** **DECLARATION OF DAVID L. BACON IN SUPPORT OF LOCAL RULE 37-2 JOINT STIPULATION ON DEFENDANT TYRONE FREEMAN'S MOTION TO COMPEL FURTHER DOCUMENT PRODUCTION RESPONSIVE TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| vs. | |
| Dickerson Employee Benefits, Inc., et al., | |
| Defendants. | Date: December 22, 2010 Time: 11:00 a.m. Courtroom: 827A Hon. Patrick J. Walsh Discovery Cut-Off Date: 11/18/10 Pre-Trial Conf. Date: 3/21/11 Trial Date: 4/19/11 |

**DECLARATION OF DAVID L. BACON**

I, David L. Bacon, hereby declare:

1.     I am a partner in Nixon Peabody LLP, attorneys of record for Defendant Tyrone Freeman in this matter. I am lead counsel for Mr. Freeman in this case and have handled or been personally involved in handling all aspects of this litigation, including depositions, discovery, and communicating with Plaintiffs' counsel, including Robert Alexander of Bredhoff & Kaiser PLLC, counsel for original named Plaintiff John Ronches ("Ronches") and current named Plaintiff Laphonza Butler ("Butler"), Scott A. Kronland of Altshuler Berzon LLP, counsel for Plaintiff SEIU Long Term Care Workers Local 6434 ("SEIU"), and their respective co-counsel, partners, and associates. As such, I have personal knowledge of the matters stated herein and, if called upon, I could and would so testify competently in a court of law.

2.     Attached hereto as Exhibit A is a true and accurate copy of Defendant Tyrone Freeman's First Set of Requests for Production of Documents and Things to Plaintiff SEIU, which were served by my office on or about January 13, 2010.

3.     Attached hereto as Exhibit B is a true and accurate copy of Plaintiff SIEU's Objections and Responses to Defendant Tyrone Freeman's First Set of Requests for Production of Documents and Things, which were served on or about February 23, 2010 and received by my office on or shortly after that date.

4.     Attached hereto as Exhibit C is a true and accurate copy of Defendant Tyrone Freeman's First Set of Requests for Production of Documents and Things to Plaintiff Ronches, which were served by my office on or about January 13, 2010.

5.     Attached hereto as Exhibit D is a true and accurate copy of Plaintiff Ronches' Objections and Responses to Defendant Tyrone Freeman's First Set of Requests for Production of Documents and Things, which were served on or about February 23, 2010 and received by my office on or shortly after that date.

1      6.    Attached hereto as Exhibit E is a true and accurate copy of Plaintiffs'

2  Second Amended Complaint ("SAC"), which was served on or about September

3  10, 2010 and received by my office on or shortly after that date, and which is

4  currently Plaintiffs' operative pleading in this case.

5      7.    I was present for both sessions of Mr. Freeman's deposition on June

6  14 and September 16, 2010, respectively.  Attached hereto collectively as Exhibit F

7  are true and accurate copies of the cover pages and pertinent excerpts from Volume

8  I and II of the transcripts of Mr. Freeman's deposition.

9      8.    Attached hereto as Exhibit G are true and accurate copies of

10  representative invoices prepared by Schwartz Steinsapir and Holguin Garfield

11  reflecting services performed for the Long Term Care Workers Health Plan

12  ("Plan"), Long Term Care Workers Health Trust Fund ("Fund"), and/or SEIU in

13  2006.  These documents were produced by Plaintiffs in connection with discovery

14  in this case.

15      9.    Attached hereto as Exhibit H is a true and accurate copy of the Plan's

16  2006 Form 5500 filed with the U.S. Department of Labor, which shows $93,212

17  paid to Holguin Garfield and $72,463 paid to Schwartz Steinsapir.  I accessed this

18  document at the following website:

19  http://www.freeerisa.com/5500/Instantview.asp?main.id=26351999&shaw.

20      10.    Attached hereto collectively as Exhibit I are true and accurate copies

21  of the retainer agreements between the Trust and Schwartz Steinsapir and between

22  the Trust and Holguin Garfield.  These documents were produced by Plaintiffs in

23  connection with discovery in this case.

24      11.    Attached hereto as Exhibit J is a true and accurate copy of a

25  November 2, 2006 e-mail from Will Hirst, a Trustee of the Plan and Trust, to Mr.

26  Freeman.  This document was produced by Plaintiff in connection with discovery

27  in this case.

28

1       12.    Attached hereto as Exhibit K is a true and accurate copy of a meet and

2   confer letter I sent to Plaintiffs' counsel on or about April 2, 2010 regarding

3   Plaintiffs' document production.

4       13.    Attached hereto as Exhibit L is a true and accurate copy of a meet and

5   confer letter from Plaintiffs' counsel dated April 12, 2010 regarding Plaintiffs'

6   document production, which I received on or shortly after that date.

7       14.    Attached hereto as Exhibit M is a true and accurate copy of a meet

8   and confer letter I sent to Plaintiffs' counsel on or about April 28, 2010 regarding

9   Plaintiffs' document production.

10       15.    Attached hereto as Exhibit N is a true and accurate copy of a meet and

11   confer letter from Plaintiff's counsel dated April 29, 2010 regarding deposition

12   scheduling and Plaintiffs' document production, which I received on or shortly

13   after that date.

14       16.    Attached hereto as Exhibit O is a true and accurate copy of a meet and

15   confer letter I sent to Plaintiffs' counsel on or about May 5, 2010 regarding

16   deposition scheduling and Plaintiffs' document production.

17       17.    Attached hereto as Exhibit P is a true and accurate copy of a meet and

18   confer letter from Plaintiffs' counsel dated May 6, 2010 regarding deposition

19   scheduling and Plaintiffs' document production, which I received on or shortly

20   after that date.

21       18.    Attached hereto collectively as Exhibit Q are true and accurate copies

22   of two versions of same July 26, 2006 email from Andrew Sackett, an attorney at

23   Holguin Garfield, to Mr. Freeman and others – the first copy has a redaction made

24   by Plaintiffs' counsel, and the second does not.  The first (redacted) copy was

25   produced by Plaintiffs in connection with discovery in this case on April 8, 2010.

26   The second (unredacted) copy was produced by Plaintiffs in connection with

27   discovery in this case on May 12, 2010.  Also attached hereto as Exhibit Q are true

28   and accurate copies of a May 20, 2007 e-mail from Claude Cazzulino to Will Hirst,

1   a July 21, 2006 e-mail from Andrew Sackett to Tony Lee and an August 25, 2006

2   e-mail from Andrew Sackett to Tyrone Freeman.  These three documents were

3   produced by Plaintiffs for the first time following their changed position on their

4   withholding of documents.

5       19.   I am informed and believe that between May 6 and May 12, 2010, my

6   associate at Nixon Peabody, Michael Curtis, who is also counsel of record for Mr.

7   Freeman in this case, spoke on the telephone at least one time and exchanged one

8   or more email messages with Plaintiffs' counsel Robert Alexander.  I was a "cc"

9   recipient of a meet and confer email exchange between Mr. Curtis and Mr.

10   Alexander on May 12 and 13, 2010, in which the parties continued to dispute the

11   scope of Plaintiffs' document production.  Attached hereto as Exhibit R is a true

12   and accurate copy of that email exchange.

13       20.   Based on my office's records, and to the best of my recollection,

14   Plaintiffs produced responsive documents on no fewer than 10 occasions

15   throughout 2010.  Plaintiff's most recent installment in its "rolling" production was

16   served on November 19, 2010, after the last day of discovery.  Plaintiff served

17   different privilege and redactions logs containing updates or new documents on

18   five occasions between April 12, 2010 and November 18, 2010.  On November 2,

19   2010, Plaintiffs' counsel Erin Pitts sent me an email confirming that Plaintiffs'

20   then- operative logs were dated May 12, July 12, and August 30.  As discussed in

21   paragraph 25 below, on November 18, 2010, Plaintiffs' counsel provided an

22   additional short privilege and redaction log.  Attached hereto collectively as

23   Exhibit S are copies of May 12, July 12 and August 30, 2010 privilege and

24   redactions logs.

25       21.   Attached hereto as Exhibit T is a true and accurate copy of a meet and

26   confer letter I sent to Plaintiffs' counsel on or about November 3, 2010 regarding

27   Plaintiffs' privilege and redactions logs and document production.

28

1    22.    Attached hereto as Exhibit U is a true and accurate copy of a meet and

2  confer letter from Plaintiffs' counsel dated November 12, 2010 regarding

3  Plaintiffs' privilege and redactions logs and document production, which I received

4  on or shortly after that date.

5    23.    On November 12, 2010, I participated in a telephone conference to

6  meet and confer regarding Plaintiffs' privilege and redactions logs and Plaintiffs'

7  withholding of documents in this case.  Also present on the call were my associate,

8  Mr. Curtis, Robert Alexander, Erin Pitts and Scott Kronland.  During this call, I

9  offered to schedule a mutually agreeable time and place where I could review, but

10  not copy, the documents we had identified as subject to production in Exhibit A to

11  our November 3 letter referred to in paragraph 21, above.  I suggested that if any

12  relevant documents were identified during my review, such documents would be

13  flagged and then subject to further meet and confer efforts.  Plaintiffs' counsel

14  refused this offer, and indicated Plaintiffs' continued refusal to produce the

15  documents at issue.

16    24.    Attached hereto as Exhibit V is a true and accurate copy of a meet and

17  confer e-mail I sent to Plaintiffs' counsel on November 17, 2010, listing additional

18  documents from Plaintiffs' August 30, 2010 privilege and redaction logs that are

19  subject to production, including a number of third party witness declarations.

20    25.    Attached hereto collectively as Exhibit W are true and accurate copies

21  of meet and confer correspondence regarding Plaintiffs' document production and

22  withholding of documents, modifications of Plaintiffs' May 12, July 12, and

23  August 30, 2010 privilege and redactions logs, and a November 2010 Privilege and

24  Redaction log, all of which Plaintiffs' counsel emailed to me on November 18,

25  2010.

26    26.    Attached hereto collectively as Exhibit X are true and accurate copies

27  of *Brock v. Gerace*, 7 EBC 1713 (D.N.J. 1986) and Department of Labor Opinion

28  89-18 A, 1989 ERISA LEXIS 17 (August 18, 1989), which are cited in Mr.

1  Freeman's portion of the Local Rule 37 Stipulation.  I am informed and believe,

2  based on my Nixon Peabody colleague Matt Frankel's description of his

3  conversation with a Lexis-Nexis representative, that the electronic version is

4  unavailable on Lexis due to Lexis' error.

5     27.    Pursuant to Local Rule 37-2.1, attached hereto collectively as Exhibit

6  Y are true and accurate copies of the order establishing the initial case schedule, as

7  well as any amendments.

8

9     I declare under penalty of the laws of the United States that the foregoing is

10  true and correct to the best of my knowledge, information and belief.

11     Executed this 19th day of November, 2010, in Los Angeles, California.

12

13                    /s/ _____

14                         David L. Bacon

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1/13/10

1  David L. Bacon (Bar No. 042692)
   Kelly L. Kress (Bar No. 246368)
2  Nixon Peabody LLP
   Gas Company Tower
3  555 West Fifth Street, 46th Floor
   Los Angeles, CA 90013
4  Tel: (213) 629-6000
   Fax: (213) 629-6001
5  E-mail: dbacon@nixonpeabody.com

6  Attorneys for Defendant
   TYRONE FREEMAN

7

8

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12  John Ronches, as Fiduciary of the Long Term
    Care Workers Health Plan, on behalf of the
13  Plan participants and beneficiaries, and as
    Trustee of the Long Term Care Workers
14  Health Trust Fund, on behalf of the Trust and        Case No. CV09-4279 MMM (PJWx)
    its beneficiaries, and
15                                                       DEFENDANT TYRONE
16  SEIU United Long Term Care Workers Local             FREEMAN'S FIRST SET OF
    6434, as Fiduciary of the Long Term Care             REQUESTS FOR PRODUCTION
17  Workers Health Plan, on its own behalf, and          OF DOCUMENTS AND THINGS
    on behalf of its members,                            TO PLAINTIFF SEIU LONG
18                                                       TERM CARE WORKERS LOCAL
                        Plaintiffs,                      6434
19
        vs.
20
    Dickerson Employee Benefits, Inc., Tyrone
21  Freeman, and TelaDoc, Inc.,

22                      Defendants.

23

24      PROPOUNDING PARTY:  Tyrone Freeman

25      RESPONDING PARTY:   SEIU Long Term Care Workers Local 6434

26      SET NO:             One

27

28  ────────────────────────────────────────────────
    DEFENDANT TYRONE FREEMAN'S FIRST SET OF                            12849427.1
    REQUESTS FOR PRODUCTION OF DOCUMENTS
    AND THINGS TO PLAINTIFF SEIU LONG TERM
    CARE WORKERS LOCAL 6434

Defendant Tyrone Freeman ("Mr. Freeman") by and through his attorneys, pursuant to Federal Rule of Civil Procedure 34, hereby requests that Plaintiff SEIU United Long Term Care Workers Local 6434 ("Local 6434") produce the documents and things requested below ("the requests") for inspection and copying at the offices of Nixon Peabody LLP, 555 West Fifth Street, 46th Floor, Los Angeles, CA 90013, in accordance with the Definitions and Instructions herein and Rule 34 (b)(2)(E) within thirty (30) days of the date of service.

## DEFINITIONS AND INSTRUCTIONS

1.      "Trust Fund" means the Long Term Care Workers Health Trust Fund and each person or organization who, with respect to the subject matter of the request, was or is acting under the direction of the Trust Fund, including but not limited to each member and each former member of the Board of Trustees of the Trust Fund, and employees, attorneys, consultants, accountants, auditors and advisors or other agents of the Trust Fund.

2.      "Complaint" means the Plaintiffs' First Amended Complaint filed in this case.

3.      "Health Plan" means the Long Term Care Workers Health Plan, as defined in Paragraph 17 of the Complaint.

4.      "Local 6434" means the SEIU United Long Term Care Workers ("ULTCW") Local 6434 and its predecessor unions.

5.      The terms "You" and "Your" refer to Local 6434, its present and former officers, directors, employees, attorneys, agents, consultants, accountants, auditors, and

-2-

CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

advisors and/or all other Persons acting or purporting to act on their behalf.

6.     "DEB" refers to Dickerson Employee Benefits, Inc., its agents, officers, directors, employees, affiliates, parents, and subsidiaries.

7.     "PCIS" refers to Physicians Care Insurance Services, Inc., its agents, officers, directors, employees, affiliates, parents, and subsidiaries.

8.     "Western Dental" refers to Western Dental Services, Inc., its agents, officers, directors, employees, affiliates, parents, and subsidiaries.

9.     "TelaDoc" refers to TelaDoc, Inc., its agents, officers, directors, employees, affiliates, parents, and subsidiaries.

10.     "Relevant Period" means the time period commencing on June 15, 2003 and ending on June 15, 2009.

11.     "Consulting Agreement" means the Consulting Agreement entered into between DEB and the Trust Fund with an effective date of June 1, 2006.

12.     "Addendum" means the addendum to the Consulting Agreement, dated May 24, 2007.

13.     "Person" means and includes any natural person, group of persons, individual, partnership, limited partnership, firm, corporation, proprietorship, association, governmental body, trust, board, joint venture, or any other form of organization or legal entity and shall include any division, subdivision, affiliate, subsidiary, agent, attorney, or employee of the person.

14.     "Document" is defined to the full extent of Rule 34 of the Federal Rules of Civil Procedure, as any medium on which or in which information is recorded or stored,

-3-                                     CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

- 10 -

or from which information may be obtained.  It includes, by way of illustration only and

not by way of limitation, all of the following:  writings that were printed or reproduced

by any process, materials written and/or produced by hand, including, without

limitation, notes, communications received or transmitted by any process, including

memoranda, correspondence, letters, facsimile transmissions, telegrams, summaries or

records of personal conversations, and electronic mail, no matter how it is stored;

computer files of any kind including e-mail (whether the computer files are stored on a

server for a computer system, an individual computer's hard drive, a computer disc, a

computer backup tape or in any other form), spreadsheets, printouts, databases, and

disks; audio or visual images, including sound recordings, videotapes, films, and

photographs; diaries; datebooks; calendars; journals; minutes or records of meetings;

tax records; tax forms; contracts; reports; lists; rosters; compilations; digests;

summaries; manuals; books; binders; logs; transcripts of oral testimony or statements;

affidavits; declarations; and reports and/or summaries of investigations.  Any document

with any marks on any sheet or side thereof (by way of illustration only and not by way

of limitation, initials, stamped indicia, any comment or any notation of any character

and not a part of the original text) is to be considered a separate document for purposes

of this request.  If two or more identical duplicate copies of a document exist, the most

legible copy shall be produced.  The term "Document" encompasses documents and

other writings (as defined in this paragraph) that may be publicly available.

      15.    "Compensation" means anything of value, including, but not limited to,

money, goods, services, licenses or contractual rights, profits from a transaction, the

-4-

CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

- 11 -

conveyance of any interest in real property, and the forgiving of a debt.

16.    "Any" means "each and every" as well as "any one."

17.    "Including" is used to be fully inclusive, and not in an exclusive sense.  In other words, "including" means "including, but not limited to."

18.    "Distribute," "distributing," or "distribution" means to dispense, tender, give out, deliver, convey, make available, or otherwise provide any thing or document to another person or entity.

19.    "Communication" or "communicate" means any transfer of information between any two or more persons, whether written, oral or electronic and whether through animate or inanimate devices or agents.  The term includes meetings, telephone conversations, electronic mail messages, and any other verbal or non-verbal exchange of words, information, thoughts, or ideas.

20.    "Meeting" means any instance, occasion, or event during which two or more persons communicate, whether in person, telephonically, or by other means.

21.    "Referencing," "relate," "relating to," "related to," "relevant to," "regarding," "concerning," or "in connection with," includes all things, actions, events or documents that refer to, pertain to, reflect upon, concern, discuss, regard, embody, show support, contradict, comment upon, give an opinion about, make a prediction concerning, evaluate, identify, describe, mention, analyze, reflect, constitute, or are in any way logically or factually connected with or may afford information related to the specified matter.

22.    All other words and terms used herein shall be construed consistently with

-5-

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

CV09-4279 MMM (PJWx

12849427.1

- 12 -

the words and terms used in the Complaint filed in this matter and shall be deemed to have the same meaning as the words and terms used in the Complaint.

23.    If any Document would be responsive to any request, and the Document was at one time in existence, but has been lost, discarded, or destroyed, Identify such Document as completely as possible, providing as much of the following information as possible:

a.  the type of Document;

b.  its date;

c.  the date or approximate date the Document was lost, discarded, or destroyed;

d.  the reason or reasons for its loss or destruction;

e.  the circumstances and manner in which it was lost, discarded, or destroyed;

f.  the Identity of any and all Person(s) who either authorizing the disposal or destruction of the Document, or having knowledge of the circumstances surrounding the disposal or destruction of the Document;

g.  the Identity of any and all Person(s) who lost, discarded, or destroyed the Document; and

h.  the Identity of any and all Person(s) having knowledge of the contents of the Document.

24.    Electronic Documents are to be produced as single-page TIFF/jpg image files with a corresponding images load file in either LFP or OPT format. Image files

-6-                                    CV09-4279 MMM (PJWx

**DEFENDANT TYRONE FREEMAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF SEIU LONG TERM CARE WORKERS LOCAL 6434**

12849427.1

should be named for the Bates number of the page they represent. The production should include a corresponding Document-level metadata load file that includes beginning Document number, ending Document number, and any other agreed upon Document information. The metadata fields should be separated by delimiters in Concordance or CSV format. Each Document should be accompanied by a text file, named for the beginning bates number of the Document, which contains OCR or electronically-extracted searchable text. These text files should reside in a central folder on the delivered media.

25.     Electronic Documents are to be produced as single-page TIFF/jpg image files with a corresponding images load file in either LFP or OPT format. Image files should be named for the Bates number of the page they represent. The production should include a corresponding Document-level metadata load file that includes beginning Document number, ending Document number, and any other agreed upon Document information. The metadata fields should be separated by delimiters in Concordance or CSV format. Each Document should be accompanied by a text file, named for the beginning bates number of the Document, which contains OCR or electronically-extracted searchable text. These text files should reside in a central folder on the delivered media.

26.     If You assert that a request is objectionable, please specify according to Federal Rule of Civil Procedure 34(b)(2)(C) which part is objectionable and the reasons. Please respond to and produce Documents to any portion of a request to which You do not object.

-7-                                    CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

27.     In the event that You wish to assert attorney-client privilege, attorney work-product privilege, and/or any other privilege or protection as to any Document for which identification and production has been requested by and of the following requests, then as to each Document subject to such assertion, Mr. Freeman requests that You provide such identification to include:

     a.  the nature of the Document;

     a.  the sender, author, and recipient of any and all copies;

     b.  the date of the Document;

     c.  the name of each person to whom the original or any copy was circulated;

     d.  the names appearing on any circulation list associated with such Document;

     e.  a summary statement of the subject matter(s) of such Document in sufficient detail to enable the Court to conduct an analysis to reach a determination of any claim of attorney-client privilege or work-product privilege or any other privilege; and

     f.  a separate indication of the basis of privilege or work product for each such Document.

-8-                     CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

- 15 -

1

## DOCUMENT REQUESTS

2

3 **REQUEST FOR PRODUCTION NO. 1:**

4

5 All Documents identified, referenced in, or referred to in the Complaint, and all

6 Documents relied on to support any allegation in the Complaint.

7 **REQUEST FOR PRODUCTION NO. 2:**

8

9 All Documents identified or referenced in Your Initial Disclosures.

10 **REQUEST FOR PRODUCTION NO. 3:**

11

12 All Documents which Mr. Freeman left at Local 6434 when he stopped serving as

13 trustee in August of 2008.

14

15 **REQUEST FOR PRODUCTION NO. 4:**

16 All Documents relating to or referencing Local 6434 or any person You contend is or was

17 an agent of Local 6434 regarding any of the allegations in the Complaint.

18

19 **REQUEST FOR PRODUCTION NO. 5:**

20

21 All Documents relating to or referencing the Trust Fund or any person You contend is or

22 was an agent of the Trust Fund regarding any of the allegations in the Complaint.

23 **REQUEST FOR PRODUCTION NO. 6:**

24

25 All Documents relating to or referencing the Health Plan or any person You contend is

26 or was an agent of the Health Plan regarding any of the allegations in the Complaint.

27

28

-9-                                    CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF                              12849427.1
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

**REQUEST FOR PRODUCTION NO. 7:**

All drafts and final agendas, minutes, recordings, or notes of the Trust Fund's Board of Trustees meetings.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents containing or reflecting communications between You and (a) the Trust Fund, (b) DEB, (c) PCIS, (d) TelaDoc, (e) Western Dental or (f) RTZ Associates Inc. regarding the Trust Fund, the Health Plan or its participants, or benefits provided through the Trust Fund or Health Plan, including communications sent through or received from any personal e-mail accounts or other e-mail accounts.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents reflecting or relating to any communications by or among You in connection with any matter alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents reflecting any previous statement by either Plaintiff as defined in Federal Rule of Civil Procedure 26(b)(3)(c).

**REQUEST FOR PRODUCTION NO. 11:**

The curriculum vitae, resumes, or other biographical Documents created during the Relevant Period with respect to the Health Plan's and Trust Fund's present and former trustees.

-10-

CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

**REQUEST FOR PRODUCTION NO. 12:**

All Documents related to or concerning the qualifications and experience of the Health Plan's and Trust Fund's present and former trustees in managing, administering, or serving as a trustee of ERISA funds, Taft-Hartley Funds, or other health benefit plans.

**REQUEST FOR PRODUCTION NO. 13:**

Calendars, planners, daytimers, and other documents memorializing appointments or meetings related to activities performed by the Health Plan's and Trust Fund's present and former trustees on behalf of the Health Plan or Trust Fund, including, but not limited to, documents regarding meetings with DEB, TelaDoc, PCIS, Western Dental, RTZ Associates Inc. or other persons or entities considered to provide services to the Health Plan or Trust Fund.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents reflecting travel expense reimbursement or other expense reimbursement forms related to activities the Health Plan's and Trust Fund's present and former trustees performed on behalf of the Health Plan or Trust Fund, including, but not limited to, documents regarding meetings with DEB, TelaDoc, PCIS, Western Dental, RTZ Associates Inc. or other persons or entities considered to provide services to the Health Plan or Trust Fund.

-11-                                    CV09-4279 MMM (PJWx

12849427.1

**REQUEST FOR PRODUCTION NO. 15:**

All employment contracts, consultancy agreements, fee agreements, or other documents evidencing an exchange of goods or services for compensation between, on the one hand, the Health Plan's and Trust Fund's present and former trustees and, on the other hand, any person or entity during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning all candidates considered to provide third party administration services to the Trust Fund or Health Plan.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents related to DEB's retention, engagement, or hiring by Local 6434 or its predecessors.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents related to DEB's retention, engagement, or hiring by the Trust Fund or the Health Plan.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents You received, reviewed, or considered in evaluating whether to hire, retain, or engage DEB to provide services to the Trust Fund or Health Plan.

-12-                                        CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

**REQUEST FOR PRODUCTION NO. 20:**

All Documents related to or concerning DEB's qualifications to serve as a Consultant/Administrator of an employee benefit plan.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning the responsibilities DEB would assume as Consultant/Administrator to the Trust Fund or Health Plan.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents reflecting or related to communications about the responsibilities DEB would assume as Consultant/Administrator to the Trust Fund or Health Plan.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning the determination of any administrative fee charged by DEB to the Trust Fund.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents reflecting or related to communications about any administrative fee charged by DEB to the Trust Fund.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents concerning DEB's performance as Consultant/Administrator to the

-13-                                               CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434                             12849427.1

Trust Fund or Health Plan, including documents regarding:

    a.  The supervision or evaluation of DEB's performance as Consultant/Administrator to the Trust Fund or Health Plan;

    b.  DEB's application of the Health Plan's eligibility rules; and

    c.  DEB's verification that claims were only paid for persons who were eligible to participate in the Health Plan at the time they received medical services.

**REQUEST FOR PRODUCTION NO. 26:**

All drafts of any contract, arrangement, or agreement related to DEB's provision of services to Local 6434 (or its predecessors) or the members of Local 6434 or its predecessors.

**REQUEST FOR PRODUCTION NO. 27:**

All drafts of any contract, arrangement, or agreement related to DEB's provision of services to the Health Plan, the Health Plan's participants, or the Trust Fund, including all drafts of the Consulting Agreement and Addendum.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents concerning or relating to the drafting or negotiation of the terms of the contracts, arrangements, or agreements referenced in Requests Number 26 and 27.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents related to or concerning the engagement, retention, or hiring of PCIS by

-14-                                                    CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

the Trust Fund or Health Plan.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents related to or concerning PCIS's qualifications to serve as a claims

administrator of an employee benefit plan.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents concerning the responsibilities PCIS would assume as a third party

administrator to the Trust Fund or Health Plan.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents reflecting or related to communications about the responsibilities

PCIS would assume as a third party administrator to the Trust Fund or Health Plan.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents concerning the determination of any administrative fee charged by PCIS

to the Trust Fund.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents reflecting or related to communications about any administrative fee

charged by PCIS to the Trust Fund.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents concerning PCIS's performance as third party administrator to the

-15-                                                    CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

Trust Fund or Health Plan, including documents regarding:

a. The supervision or evaluation of PCIS's performance as a third party administrator to the Trust Fund or Health Plan;

b. whether PCIS timely and properly processed claims;

c. whether PCIS applied the Health Plan rules correctly;

d. whether PCIS paid claims in a timely manner; and

e. whether PCIS paid claims only for persons who were eligible to participate in the Health Plan at the time they received medical services.

**REQUEST FOR PRODUCTION NO. 36:**

All drafts of any contract, arrangement, or agreement related to PCIS's provision of services to the Health Plan, participants in the Health Plan, or the Trust Fund, including the Administrative Claims Services Agreement entered into between PCIS and the Trust Fund.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning or relating to the drafting or negotiation of the terms of the contracts, arrangements, or agreements referenced in Request Number 36.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents regarding the consideration of whether to provide, and provision of, the TelaDoc service to the members of Local 6434 and participants in the Health Plan.

-16-                                          CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

**REQUEST FOR PRODUCTION NO. 39:**

All Documents containing or reflecting communications related to providing or obtaining telemedicine services, including but not limited to, services offered by TelaDoc for the Trust Fund, members of Local 6434, or participants in the Health Plan.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents containing or reflecting communications related to services provided by TelaDoc to members of Local 6434 or participants in the Health Plan.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents related to or concerning the projected or actual rate of utilization of TelaDoc services by members of Local 6434 and participants in the Health Plan.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents relating to the determination of the price to be charged by DEB to the Trust Fund for the TelaDoc service.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents reflecting or containing communications regarding the price to be charged by DEB to the Trust Fund for the TelaDoc service.

-17-                                        CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

**REQUEST FOR PRODUCTION NO. 44:**

All Documents relating to the compensation DEB paid or agreed to pay to TelaDoc for the provision of TelaDoc services to, or on behalf of, participants in the Health Plan.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents reflecting or containing communications regarding the compensation DEB paid or agreed to pay to TelaDoc for the provision of TelaDoc services to, or on behalf of, participants in the Health Plan.

**REQUEST FOR PRODUCTION NO. 46:**

All drafts of any contract, agreement, or arrangement related to or concerning the provision of the TelaDoc service to, or for the benefit of, participants in the Health Plan, including, but not limited to, the Addendum.

**REQUEST FOR PRODUCTION NO. 47:**

All drafts of any contract, agreement, or arrangement between TelaDoc, its officers, directors, or members of TelaDoc's Board of Advisors, and DEB or any of DEB's directors, officers, or employees.

**REQUEST FOR PRODUCTION NO. 48:**

All drafts of any contract, agreement, or arrangement between TelaDoc, its officers, directors, or members of TelaDoc's Board of Advisors and the trustees of the Trust Fund.

-18-                                           CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

**<u>REQUEST FOR PRODUCTION NO. 49:</u>**

All Documents concerning or relating to the drafting or negotiation of the terms of

the contracts, arrangements, or agreements referenced in Requests Numbers 46-48.

**<u>REQUEST FOR PRODUCTION NO. 50:</u>**

All Documents (including all drafts) that reference, concern, promote, or describe any

aspect of the TelaDoc service that were distributed by any person or entity to the

Trust Fund or any of its trustees, the Health Plan or its participants, Local 6434 or

its members, or TelaDoc.

**<u>REQUEST FOR PRODUCTION NO. 51:</u>**

All Documents containing or reflecting communications between You and TelaDoc

regarding the creation, production, or distribution of documents referencing,

describing, discussing, or promoting TelaDoc.

**<u>REQUEST FOR PRODUCTION NO. 52:</u>**

All Documents or materials referencing, describing, or promoting any telemedicine

provider other than TelaDoc that DEB discussed with Local 6434, the Trust Fund or

any of its trustees, or the Health Plan or its participants.

**<u>REQUEST FOR PRODUCTION NO. 53:</u>**

All Documents concerning or relating to the selection of the 1,000,000th member of

-19-

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

CV09-4279 MMM (PJWx

12849427.1

TelaDoc.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents related to, concerning, or referencing Carl Dickerson's presentation regarding TelaDoc to the Trust Fund's Board of Trustees.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents related to or concerning any communications between You, TelaDoc, or DEB and any employee, agent, or representative of the State of California or its legislature regarding TelaDoc's or any other entity's authority or ability to offer or provide any telemedicine service in California, or the appropriateness or utility of such a telemedicine service.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents relating to or concerning the selection, retention, consideration of, and renewal of Western Dental as provider of the dental benefit to members of Local 6434 (or its predecessors) and to participants in the Health Plan.

**REQUEST FOR PRODUCTION NO. 57:**

All drafts of any contract, agreement, or arrangement related to or concerning the provision of the Western Dental benefit to, or for the benefit of, participants in the Health Plan.

-20-                                                            CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF SEIU LONG TERM CARE WORKERS LOCAL 6434

12849427.1

- 27 -

**REQUEST FOR PRODUCTION NO. 58:**

All Documents concerning or relating to the drafting or negotiation of the terms of the

contracts, arrangements, or agreements referenced in Request Number 58.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents related to or concerning compensation or benefits provided directly or

indirectly by DEB, TelaDoc, Western Dental, or PCIS to any trustee of the Trust

Fund or officer or employee of Local 6434 or member of the immediate family of such

persons or any entity owned by such persons or family members.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents reflecting or containing communications between You and any other

person regarding any compensation received by DEB related to the provision of the

TelaDoc benefit to participants in the Health Plan or members of Local 6434 (or its

predecessors), including any quarterly statements DEB provided to the Trust Fund or

any of its trustees regarding compensation.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents reflecting or containing communications between You and any other

person regarding any compensation received by DEB related to the provision of the

Western Dental benefit to participants in the Health Plan or members of Local 6434 (or

its predecessors), including any quarterly statements Western Dental provided to the

-21-                                           CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

Trust Fund or any of its trustees regarding compensation.

**REQUEST FOR PRODUCTION NO. 62:**

All statements or communications provided by DEB to the Trust Fund or any of its

trustees regarding commissions or any other compensation DEB received that was

directly or indirectly related to any benefits or services provided to the Trust Fund or

the Health Plan participants.

**REQUEST FOR PRODUCTION NO. 63:**

All communications between DEB and the Trust Fund regarding the statements

referenced in Request Number 62.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents containing or reflecting communications between You and any

actuarial firm or consultant regarding the Trust Fund or Health Plan.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents concerning the financial condition or actuarial status of the Trust

Fund, including, but not limited to:

        a.   All Documents containing any descriptions, predictions,

             projections, analyses, evaluations, or opinions of the Trust

             Fund's financial condition or actuarial status;

        b.   All Documents relied upon by any person in describing, predicting,

             projecting, analyzing, evaluating, or forming an opinion related to the

-22-

CV09-4279 MMM (PJWx

12849427.1

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

Trust Fund's financial condition or actuarial status;

   c.  All Documents referencing or relating to the preparation, content, or disclosure of any description, prediction, projection, analysis, evaluation, or opinion related to the Trust Fund's financial condition or actuarial status; and

   d.  Communications related to the Trust Fund's financial condition or actuarial status.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents and communications related to or concerning the number and cost of incurred and projected claims, the estimation of Incurred But Not Reported claims, and the determination of funding reserve requirements, COBRA rates, and Health Plan benefits.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents related to enrollment of participants in the Health Plan.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents related to eligibility for enrollment in the Health Plan, and eligibility for receipt of Health Plan benefits.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents related to or concerning the Health Plan's eligibility rules.

-23-               CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

- 30 -

**REQUEST FOR PRODUCTION NO. 70:**

All Documents related to or concerning the duties, decisions, or actions that DEB, PCIS and others undertook or were tasked with related to eligibility determinations or the preparation and maintenance of eligibility and enrollment records, as well as the procedures and criteria considered or used in making determinations as to whether a particular person was eligible to enroll in the Plan or receive Plan benefits.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents related to or concerning the decision(s) to hire, engage, or obtain the services of The Segal Company for the benefit of the Trust Fund or Health Plan.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents related to or concerning the decision(s) to hire, engage, or obtain the services of Mercer Health & Benefits for the benefit of the Trust Fund or Health Plan

**REQUEST FOR PRODUCTION NO. 73:**

All Documents related to or concerning the decision(s) by the Trust Fund to provide health and welfare benefits to the Health Plan participants through a self-insured Plan.

-24-

CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF SEIU LONG TERM CARE WORKERS LOCAL 6434

12849427.1

- 31 -

**REQUEST FOR PRODUCTION NO. 74:**

All Documents related to or concerning the decision to increase the Health Plan's annual maximum medical benefit from $12,500 to $15,000.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents related to or concerning the decision to increase the Health Plan's annual maximum medical benefit from $15,000 to $50,000.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents related to or concerning the decision to increase the maximum benefit for annual surgical center or outpatient hospital from $380 a year to $5000 a year.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents related to or concerning the decision to provide persons from the San Bernardino County waiting list with medical benefits funded through the Trust Fund at no cost to their employer.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents related to or concerning decisions to waive employee or employer contributions for the Western Dental benefit.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents related to or concerning the decision to provide the TelaDoc service to

-25-                                          CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434                                          12849427.1

some participants in the Health Plan at no cost to those participants.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents related to or concerning negotiations between Local 6434, the Trust Fund or Health Plan (or their agents and representatives) and the Public Authorities for Ventura, Del Norte, San Benito, San Bernardino, Imperial, Santa Cruz, Madera, Shasta, Butte, and Alameda Counties (or their agents and representatives) regarding the Health Plan or participation in the Trust Fund.

**REQUEST FOR PRODUCTION NO. 81:**

All actuarial reports prepared by The Segal Company and Documents relating thereto.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents received from The Segal Company reflecting or containing any billings with respect to services performed for the Trust Fund or the Health Plan.

**REQUEST FOR PRODUCTION NO. 83:**

All other Documents reflecting any involvement of The Segal Company in connection with the Health Plan or the Trust Fund or in connection with Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 84:**

All actuarial reports prepared by Mercer Health & Benefits and Documents relating thereto.

-26-

CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

- 33 -

**REQUEST FOR PRODUCTION NO. 85:**

All Documents received from Mercer Health & Benefits reflecting or containing any billings with respect to services performed for the Trust Fund or the Health Pan.

**REQUEST FOR PRODUCTION NO. 86:**

All other Documents reflecting any involvement by Mercer Health & Benefits in connection with the Health Plan or the Trust Fund or in connection with Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 87:**

All annual reports prepared by EC Accountancy & Co. and Documents relating thereto.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents received from EC Accountancy & Co. reflecting or containing any billings with respect to services performed for the Trust Fund or the Health Plan.

**REQUEST FOR PRODUCTION NO. 89:**

All other Documents reflecting any involvement of EC Accountancy & Co. in connection with the Health Plan or the Trust Fund or in connection with Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 90:**

All Documents received from Schwartz, Steinsapir, Dohrmann and Sommers reflecting or containing any billings with respect to services performed for the Trust Fund or the

-27-                                          CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF                    12849427.1
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

Health Plan.

**REQUEST FOR PRODUCTION NO. 91:**

All other Documents reflecting any involvement of Schwartz, Steinsapir, Dohrmann and Sommers in connection with the Health Plan or Trust Fund or in connection with Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 92:**

All Documents received from Holguin, Garfield and Martinez reflecting or containing any billings with respect to services performed for the Trust Fund or the Health Plan.

**REQUEST FOR PRODUCTION NO. 93:**

All other Documents reflecting any involvement of Holguin, Garfield and Martinez in connection with the Health Plan or Trust Fund or in connection with Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents containing or reflecting any communications by Barnes Mosher Whitehurst Lauter & Partners regarding any claim asserted in the Complaint or regarding Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents containing or reflecting any communications by The Segal Company regarding any claim asserted in the Complaint or regarding Mr. Freeman.

-28-                                    CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS                         12849427.1
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

**REQUEST FOR PRODUCTION NO. 96:**

All Documents containing or reflecting any communications by Gleason & Associates regarding any claim asserted in the Complaint or regarding  Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 97:**

All Documents containing or reflecting any communications by Bedrock Strategies, Inc. regarding any claim asserted in the Complaint or regarding Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 98:**

All Documents containing or reflecting any communications by Mercer Health & Benefits regarding any claim asserted in the Complaint or regarding  Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents containing or reflecting any communications by Schwartz, Steinsapir, Dohrmann and Sommers regarding any claim asserted in the Complaint or regarding Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 100:**

All Documents containing or reflecting any communications by Holguin, Garfield and Martinez regarding any claim asserted in the Complaint or regarding Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 101:**

All draft and final summary plan descriptions for the Health Plan.

-29-                                    CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

**REQUEST FOR PRODUCTION NO. 102:**

All Form 5500s (and schedules) filed for the Health Plan.

**REQUEST FOR PRODUCTION NO. 103:**

All Documents by EC Accountancy & Co. reflecting or  containing any billings with
respect to services performed for the Trust Fund or the Health Plan.

**REQUEST FOR PRODUCTION NO. 104:**

All Documents reflecting any involvement of EC Accountancy & Co. in connection with
the Health Plan or Trust Fund or in connection with Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 105:**

All Documents containing or reflecting any communications by Barnes Mosher
Whitehurst Lauter & Partners regarding any claim asserted in the Complaint or
regarding Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents containing or reflecting any communications by Gleason & Associates
regarding any claim asserted in the Complaint or regarding  Mr. Freeman.

**REQUEST FOR PRODUCTION NO. 107:**

All Documents containing or reflecting any communications by Bedrock Strategies, Inc.
regarding any claim asserted in the Complaint or regarding Mr. Freeman.

-30-                                    CV09-4279 MMM (PJWx

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

12849427.1

1   **REQUEST FOR PRODUCTION NO. 108:**

2

3   All Documents reflecting any involvement by Mercer Health & Benefits in connection

4   with the Trust Fund or Health Plan or in connection with Mr. Freeman.

5   **REQUEST FOR PRODUCTION NO. 109:**

6

7   All Documents containing or reflecting any communications by an investigator

8   regarding any claim asserted in the Complaint or regarding Mr. Freeman.

9

10   **REQUEST FOR PRODUCTION NO. 110:**

11

12   All draft and final summary plan descriptions for the Health Plan.

13   **REQUEST FOR PRODUCTION NO. 111:**

14

15   All Form 5500s (and schedules) filed for the Health Plan.

16   **REQUEST FOR PRODUCTION NO. 112:**

17

18   To the extent not produced in response to the foregoing requests, all Documents

19   relating to the design, implementation and administration of the Health Plan or Trust

20   Fund.

21

22   **REQUEST FOR PRODUCTION NO. 113:**

23

24   To the extent not produced in response to the foregoing requests, all Documents

25   containing or reflecting any communications between the Trust Fund or Local 6434 and

26   the Service Employees International Union (including its officers, directors, employee,

27   and agents) regarding any claim asserted in the Complaint or regarding Mr. Freeman.

-31-                              CV09-4279 MMM (PJWx

28   DEFENDANT TYRONE FREEMAN'S FIRST SET OF
     REQUESTS FOR PRODUCTION OF DOCUMENTS                         12849427.1
     AND THINGS TO PLAINTIFF SEIU LONG TERM
     CARE WORKERS LOCAL 6434

**REQUEST FOR PRODUCTION NO. 114:**

All Documents reflecting or containing communications between the Trust Fund or Local 6434 or the Service Employees International Union and their various insurers regarding any claim asserted in the Complaint or regarding Mr. Freeman.

**REQUEST FOR PRODUCTION NUMBER 115:**

To the extent not produced in response to the foregoing requests, all Documents that you intend to introduce or otherwise use in the trial of this case.

**REQUEST FOR PRODUCTION NO. 116:**

To the extent not produced in response to the foregoing requests, all Documents that relate in any way to any claim asserted in the Complaint.

DATED: January 13, 2010

NIXON PEABODY LLP

By:   /s/ David L. Bacon
      David L. Bacon
      Attorneys for Defendant
      TYRONE FREEMAN

-32-                                CV09-4279 MMM (PJWx)

                                                    12849427.1

DEFENDANT TYRONE FREEMAN'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF SEIU LONG TERM
CARE WORKERS LOCAL 6434

1    _SEIU United Long Term Care Worker L. 6434. v. Tyrone Freeman, et al._

2                    **PROOF OF SERVICE·BY MAIL**

3                                              CASE NO. CV 09-4279

4
        I am over the age of 18 and not a party to the within action.  I am employed in the County
5
   of Los Angeles, State of California by Nixon Peabody LLP.  My business address is 555 West
6
   Fifth Street, 46th Floor, Los Angeles, California  90013.
7
        On January 13, 2010, I served the following entitled document:
8

9                    **DEFENDANT TYRONE FREEMAN'S**
        **FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**
10           **TO PLAINTIFF SEIU LONG TERM CARE WORKERS LOCAL 6434**

11   by placing a true and correct copy thereof in a sealed envelope addressed as follows:

12
        Scott A. Kronland, Esq.                  Attorneys for Plaintiff, SEIU
13      Jennifer Sung, Esq.                      United Long Term Care Workers
        ALTSHULER BERZON LLP                     Local 6434
14      177 Post Street., Suite 300
        San Francisco, CA  94108
15      Tel.: 415-421-7151
        Fax: 415-362-8064
16

17      Robert Alexander                         Attorneys for Plaintiff John
        Julia Penny Clark                        Ronches
18      Kathleen M. Keller
        BREDHOFF & KAISER P.L.L.C.
19      805 Fifteenth Street, N.W., Ste. 1000
        Washington, DC 20005-2207
20      Tel.: 202-842-2600
        Fax: 202-84201888
21
                                                 Attorneys for Plaintiff John
22      Glenn Rothner                            Ronches
        Ellen Greenstone
23      ROTHNER, SEGALL, GREENSTONE &
        LEHENY
24      510 South Marengo Avenue
        Pasadena, CA 91101-3115
25      Tel.: 626-796-7555
        Fax: 626-577-0124
26

27

28

   12808910.1  050894-1                        -1-

Erin L. Hiley                                    Attorneys for Defendant TelaDoc
LEWIS BRISBOIS BISGAARD AND SMITH
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012
Tel.: 213-250-1800

                                                 Attorneys for Defendant
Fred B. Griffin                                  Dickerson Employee Benefits,
Albert Tong                                      Inc.
BURKE WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel.: 213-236-0600
Fax: 213-236-2700

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business.  And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 13, 2010, at Los Angeles, California.

Carole L. Gallegos

12808910.1  050894-1                             -2-
                              PROOF OF SERVICE

# EXHIBIT B

1   SCOTT A. KRONLAND (#171693)
    skronland@altshulerberzon.com
2   JENNIFER SUNG (#254741)
    jsung@altshulerberzon.com
3   ALTSHULER BERZON LLP
    177 Post Street, Suite 300
4   San Francisco, CA 94108
    Telephone: (415) 421-7151
5   Facsimile:   (415) 362-8064

RECEIVED

FEB 2   2010

NIXON PEABODY, LLP

6   Attorneys for Plaintiff SEIU United
    Long Term Care Workers Local 6434

7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12   John Ronches, as Fiduciary of the Long        Case No.  CV 09-4279 MMM (PJWx)
     Term Care Workers Health Plan, on
13   behalf of the Plan participants and            **PLAINTIFF UNITED LONG TERM**
     beneficiaries, and as Trustee of the          **CARE WORKERS LOCAL 6434'S**
14   Long Term Care Workers Health Trust           **OBJECTIONS AND RESPONSES TO**
     Fund, on behalf of the Trust and its          **DEFENDANT TYRONE FREEMAN'S**
15   beneficiaries, SEIU United Long Term          **FIRST SET OF REQUESTS FOR**
     Care Workers Local 6434, as Fiduciary         **PRODUCTION OF DOCUMENTS**
16   of the Long Term Care Workers Health          **AND THINGS**
     Plan, on its own behalf, and on behalf
17   of its members,

18                 Plaintiffs,

19   v.

20   Dickerson Employee Benefits, Inc.,
     Tyrone Freeman, and TelaDoc, Inc.,
21
22                 Defendants.

23   PROPOUNDING PARTY:  Tyrone Freeman

24   RESPONDING PARTY:     SEIU United Long Term Care Workers Local 6434

25   SET NO:                        One

26        Pursuant to Federal Rule of Civil Procedure 34 ("Rule 34"), Plaintiff SEIU

27   United Long Term Care Workers Local 6434 (hereinafter "Union") objects and

28   responds to Defendant Tyrone Freeman's First Set of Requests for Production of

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1  Documents and Things as follows:

2  **INTRODUCTORY STATEMENT**

3       The Union expressly reserves and does not waive any objection asserted to a

4  Document Request to which the Union responds.  All specific objections to

5  individual document Requests are made in addition to, and not in derogation of, the

6  Union's general objections.

7       Discovery in this matter is ongoing.  The documents produced by the Union

8  in response to Defendant's Requests reflect those documents collected and

9  reviewed during the Union's investigation to date.  The Union continues to search

10  for and review relevant documents and to investigate Plaintiff's claims and

11  therefore expressly reserves its right to supplement its production of documents as

12  necessary.  All of the responses and objections contained herein are based only on

13  the information and documents that are presently available and known to the Union.

14  A response indicating that responsive documents will be produced is not a

15  statement that any such responsive documents are in the possession, custody or

16  control of the Union.

17       Documents produced as "Confidential" are subject to a Stipulated Protective

18  Order entered by the Court on December 10, 2009.

19  **GENERAL OBJECTIONS**

20       1.     The Union objects generally to Defendant's Requests for production of

21  documents to the extent that they seek information that is beyond the scope of

22  Federal Rules of Civil Procedure 26 and 34.

23       2.     The Union objects to these Requests insofar as they seek to compel the

24  Union to produce documents that are not relevant to the claims or defenses involved

25  in the pending action and are not reasonably calculated to lead to the discovery of

26  admissible evidence.  Further, by producing any documents in response to this

27  discovery, the Union does not concede the relevance, materiality, or admissibility

28  of any such documents.

- 2 -        ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
              REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

3.     In each instance where the Union makes an objection but nevertheless provides a response, such response is made in attempt to provide cooperation in discovery pursuant to Fed. R. Civ. P. 26, and does not constitute, and should not be construed as, a waiver of any objection made.

4.     The Union objects generally to all definitions and instructions to the extent that they impose or attempt or purport to impose obligations different from or beyond those imposed by the Federal Rules of Civil Procedure.

5.     To the extent that these Requests seek information protected from discovery by applicable privileges, including but not limited to the attorney-client privilege and work product protection, the Union objects to these Requests. Further, to the extent that any document is produced pursuant to these Requests that is nevertheless protected by the attorney-client privilege, work product protection, or any other applicable privilege, the production of such document does not constitute a waiver of that privilege or protection.

6.     The Union objects to these Requests to the extent that they seek documents in Defendant's possession or that may be obtained from another more convenient, less burdensome or less expensive source.

7.     The Union objects to these Requests to the extent that they seek electronically stored information beyond that which is reasonably accessible in the Union's active files.  The Union further states that, with regard to electronically stored information, the Union will conduct a reasonable search and will produce documents to the extent reasonably accessible.

8.     To the extent the Requests seek information from any time period not reasonably related to the claims or affirmative defenses asserted in this litigation, the Union objects to such Requests as irrelevant, not calculated to lead to the discovery of admissible evidence, and imposing an undue burden on the Union. The Union has conducted – and will continue to conduct – a reasonable search for responsive documents in electronically stored information from January 2006

- 3 -          ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
                REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   through June 2009, and has conducted a reasonable search for responsive hard copy

2   documents.

3       9.      The Union objects to these Requests to the extent that Requests for

4   "all" documents on a particular topic impose an undue burden.  In response to all

5   non-objectionable Requests, the Union will conduct a reasonable search for

6   documents and produce responsive, non-privileged documents located through such

7   search.

8       10.     The Union objects to Instruction No. 23, which seeks certain

9   information regarding any documents that were at one time in existence that have

10  been lost, discarded or destroyed, as beyond the scope of Rule 34.

11                           **DOCUMENT REQUESTS**

12  REQUEST FOR PRODUCTION NO. 1:

13      All Documents identified, referenced in, or referred to in the Complaint, and

14  all Documents relied on to support any allegation in the Complaint.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

16      Subject to the general objections set forth above, responsive non-privileged

17  documents will be produced in response to other Requests as set forth below.

18  REQUEST FOR PRODUCTION NO. 2:

19      All Documents identified or referenced in Your Initial Disclosures.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

21      Subject to the general objections set forth above, responsive non-privileged

22  documents will be produced.

23  REQUEST FOR PRODUCTION NO. 3:

24      All Documents which Mr. Freeman left at Local 6434 when he stopped

25  serving as trustee in August of 2008.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

27      The Union objects to this Request as vague and ambiguous in that it does not

28  specify what documents it seeks nor the location of where Mr. Freeman allegedly

- 4 -          ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
               REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   left these documents.  The Union further objects that this Request as overbroad and

2   unduly burdensome, and seeks documents not relevant to the claim or defense of

3   any party, and not reasonably calculated to lead to the discovery of admissible

4   evidence.  Mr. Freeman served as President of Local 6434 for nearly ten years and

5   was involved in many activities that have no relationship to the matters alleged in

6   the Complaint.  To the extent this Request seeks documents relating to Mr.

7   Freeman's activities or work that was unrelated to the Health Trust or Plan benefits,

8   the Union objects on grounds that such information is not reasonably calculated to

9   lead to the discovery of admissible evidence regarding the Plaintiff's claims or the

10  Defendant's defenses.  The Union also objects to producing these documents to the

11  extent that they contain privileged material, where the privilege belongs to the Trust

12  Fund or Plan and not to Tyrone Freeman personally.  Without waiving these

13  objections, if Mr. Freeman is able to identify the documents he seeks, the Union

14  will produce non-privileged relevant documents.  Documents left by Mr. Freeman

15  at the Local 6434 offices that relate to the Health Trust and/or Plan benefits also

16  may be produced in response to other Requests herein.

17      REQUEST FOR PRODUCTION NO. 4:

18      All Documents relating to or referencing Local 6434 or any person You

19  contend is or was an agent of Local 6434 regarding any of the allegations in the

20  Complaint.

21      RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

22      Non-privileged documents relating to the allegations in the Complaint will be

23  produced.

24      REQUEST FOR PRODUCTION NO. 5:

25      All Documents relating to or referencing the Trust Fund or any person You

26  contend is or was an agent of the Trust Fund regarding any of the allegations in the

27  Complaint.

28

- 5 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

2   Non-privileged documents relating to the allegations in the Complaint will be

3   produced.

4   REQUEST FOR PRODUCTION NO. 6:

5   All Documents relating to or referencing the Health Plan or any person You

6   contend is or was an agent of the Health Plan regarding any of the allegations in the

7   Complaint.

8   RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

9   Non-privileged documents relating to the allegations in the Complaint will be

10   produced.

11   REQUEST FOR PRODUCTION NO. 7:

12   All drafts and final agendas, minutes, recordings, or notes of the Trust Fund's

13   Board of Trustees meetings.

14   RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

15   All non-privileged responsive documents will be produced.

16   REQUEST FOR PRODUCTION NO. 8:

17   All Documents containing or reflecting communications between You and

18   (a) the Trust Fund, (b) DEB, (c) PCIS, (d) TelaDoc, (e) Western Dental or (f) RTZ

19   Associates Inc. regarding the Trust Fund, the Health Plan or its participants, or

20   benefits provided through the Trust Fund or Health Plan, including communications

21   sent through or received from any personal e-mail accounts or other e-mail

22   accounts.

23   RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

24   To the extent that this Request seeks documents that post-date the events

25   alleged in the Complaint and that are unrelated to the claims or defenses asserted in

26   this lawsuit, the Union objects that this Request is overbroad and unduly

27   burdensome, and seeks documents not relevant to the claim or defense of any party

28   and not reasonably calculated to lead to the discovery of admissible evidence.

- 6 -   ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   Subject to that objection, the Union will produce non-privileged communications

2   between the parties listed in Request 8 regarding the Trust Fund, the Health Plan or

3   its participants, or benefits provided through the Trust Fund or Health Plan, that

4   occurred during the time that Freeman was Trustee of the Trust Fund or that relate

5   to the allegations of the Complaint.

6       REQUEST FOR PRODUCTION NO. 9:

7       All Documents reflecting or relating to any communications by or among

8   You in connection with any matter alleged in the Complaint.

9       RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

10      For the purpose of this request, we are assuming that "You" refers to the

11  former trustees of the Trust, and, subject to the general objections set forth above,

12  non-privileged responsive documents will be produced.

13      REQUEST FOR PRODUCTION NO. 10:

14      All Documents reflecting any previous statement by either Plaintiff as

15  defined in Federal Rule of Civil Procedure 26(b)(3)(c).

16      RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

17      To the extent that this Request seeks statements relating to matters not at

18  issue in the First Amended Complaint, the Union objects to this Request as

19  overbroad and unduly burdensome, because it seeks documents not relevant to the

20  claim or defense of any party, and not reasonably calculated to lead to the discovery

21  of admissible evidence. The Union further objects to this Request as overbroad and

22  unduly burdensome in that it is not limited in time or scope. Subject to these

23  objections, the Union's investigation to date has not revealed any relevant

24  responsive documents.

25      REQUEST FOR PRODUCTION NO. 11:

26      The curriculum vitae, resumes, or other biographical Documents created

27  during the Relevant Period with respect to the Health Plan's and Trust Fund's

28  present and former trustees.

- 7 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

2      Subject to the above general objections, responsive documents will be

3   produced.

4   REQUEST FOR PRODUCTION NO. 12:

5      All Documents related to or concerning the qualifications and experience of

6   the Health Plan's and Trust Fund's present and former trustees in managing,

7   administering, or serving as a trustee of ERISA funds, Taft-Hartley Funds, or other

8   health benefit plans.

9   RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

10      Subject to the above general objections, responsive documents will be

11   produced.

12   REQUEST FOR PRODUCTION NO. 13:

13      Calendars, planners, daytimers, and other documents memorializing

14   appointments or meetings related to activities performed by the Health Plan's and

15   Trust Fund's present and former trustees on behalf of the Health Plan or Trust

16   Fund, including, but not limited to, documents regarding meetings with DEB,

17   TelaDoc, PCIS, Western Dental, RTZ Associates Inc. or other persons or entities

18   considered to provide services to the Health Plan or Trust Fund.

19   RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

20      To the extent that this Request seeks documents that post-date the events

21   alleged in the Complaint and that are unrelated to the claims or defenses asserted in

22   this lawsuit, the Union objects that this Request is overbroad and unduly

23   burdensome, and seeks documents not relevant to the claim or defense of any party

24   and not reasonably calculated to lead to the discovery of admissible evidence.

25   Subject to this objection, the Union will produce documents relating to meetings or

26   appointments between the parties listed in Request 13 that relate to the matters

27   alleged in the Complaint or occurred during the time that Freeman was Trustee of

28   the Trust Fund.

- 8 -     ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    REQUEST FOR PRODUCTION NO. 14:

2        All Documents reflecting travel expense reimbursement or other expense

3    reimbursement forms related to activities the Health Plan's and Trust Fund's

4    present and former trustees performed on behalf of the Health Plan or Trust Fund,

5    including, but not limited to, documents regarding meetings with DEB, TelaDoc,

6    PCIS, Western Dental, RTZ Associates Inc. or other persons or entities considered

7    to provide services to the Health Plan or Trust Fund.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

9        To the extent that this Request seeks documents that post-date the events

10   alleged in the Complaint and that are unrelated to the claims or defenses asserted in

11   this lawsuit, the Union objects that this Request is overbroad and unduly

12   burdensome, and seeks documents not relevant to the claim or defense of any party

13   and not reasonably calculated to lead to the discovery of admissible evidence.

14   Subject to these objections, the Union will produce non-privileged documents

15   relating to expense reimbursements that were charged to the Trust Fund and that

16   relate to the matters alleged in the Complaint or were incurred during the time that

17   Freeman was Trustee of the Trust Fund.

18   REQUEST FOR PRODUCTION NO. 15:

19       All employment contracts, consultancy agreements, fee agreements, or other

20   documents evidencing an exchange of goods or services for compensation between,

21   on the one hand, the Health Plan's and Trust Fund's present and former trustees

22   and, on the other hand, any person or entity during the Relevant Period.

23   RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

24       The Union objects to this Request as overbroad insofar as it seeks documents

25   relating to contracts or other agreements between, on the one hand, former trustees

26   other than Mr. Freeman and, on the other hand, any person or entity, as such

27   documents are unrelated to any claims or defenses in this matter and not reasonably

28   calculated to lead to the discovery of admissible evidence.  To the extent that this

-9-          ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
             REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    Request seeks documents that post-date the events alleged in the Complaint and

2    that are unrelated to the claims or defenses asserted in this lawsuit, the Union

3    objects that this Request is overbroad and unduly burdensome, and seeks

4    documents not relevant to the claim or defense of any party and not reasonably

5    calculated to lead to the discovery of admissible evidence. The Union further

6    objects to this Request as overbroad and unduly burdensome to the extent that it

7    seeks all documents relating to any service for which the Trust paid during the

8    relevant time period, including invoices, cancelled checks, etc., without regard to

9    whether these services were in any way related to the matters asserted in the

10   Complaint, which would require the Union to locate, compile and review a

11   multitude of documents with no relation to the claims and defenses in this litigation.

12   Subject to those objections, the Union will produce non-privileged agreements

13   between the Trust Fund and DEB, PCIS, Western Dental, and Mercer, and billing

14   invoices from these entities, and any agreements between Mr. Freeman and any

15   other entity.

16          REQUEST FOR PRODUCTION NO. 16:

17          All Documents concerning all candidates considered to provide third party

18   administration services to the Trust Fund or Health Plan.

19          RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

20          The Union objects to this Request as overbroad and not reasonably calculated

21   to lead to the production of admissible evidence to the extent that it seeks

22   documents regarding the Trust Fund's and Health Plan's ongoing administration

23   and consideration of third party administrators to provide service to the Trust Fund

24   and Health Plan after Freeman ceased to be a Trustee. Subject to that objection, the

25   Union will produce responsive documents relating to the candidates considered to

26   provide third party administration services to the Trust Fund or Health Plan during

27   the time period that Freeman was Trustee.

28

- 10 -                ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
                      REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    REQUEST FOR PRODUCTION NO. 17:

2        All Documents related to DEB's retention, engagement, or hiring by Local

3    6434 or its predecessors.

4    RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

5        The Union will produce non-privileged responsive documents.

6    REQUEST FOR PRODUCTION NO. 18:

7        All Documents related to DEB's retention, engagement, or hiring by the

8    Trust Fund or the Health Plan.

9    RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

10       The Union will produce non-privileged responsive documents.

11   REQUEST FOR PRODUCTION NO. 19:

12       All Documents You received, reviewed, or considered in evaluating whether

13   to hire, retain, or engage DEB to provide services to the Trust Fund or Health Plan.

14   RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

15       Subject to the general objections above, and without agreeing that the Union

16   made such decisions, the Union will produce non-privileged responsive documents.

17   REQUEST FOR PRODUCTION NO. 20:

18       All Documents related to or concerning DEB's qualifications to serve as a

19   Consultant/Administrator of an employee benefit plan.

20   RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

21       Subject to the general objections above, the Union will produce non-

22   privileged responsive documents.

23   REQUEST FOR PRODUCTION NO. 21:

24       All Documents concerning the responsibilities DEB would assume as

25   Consultant/Administrator to the Trust Fund or Health Plan.

26   RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

27       Subject to the general objections above, the Union will produce non-

28   privileged responsive documents.

- 11 -          ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
               REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    REQUEST FOR PRODUCTION NO. 22:

2        All Documents reflecting or related to communications about the

3    responsibilities DEB would assume as Consultant/Administrator to the Trust Fund

4    or Health Plan.

5    RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

6        Subject to the general objections above, the Union will produce non-

7    privileged responsive documents.

8    REQUEST FOR PRODUCTION NO. 23:

9        All Documents concerning the determination of any administrative fee

10   charged by DEB to the Trust Fund.

11   RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

12       Subject to the general objections above, the Union will produce non-

13   privileged responsive documents.

14   REQUEST FOR PRODUCTION NO. 24:

15       All Documents reflecting or related to communications about any

16   administrative fee charged by DEB to the Trust Fund.

17   RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

18       Subject to the general objections above, the Union will produce non-

19   privileged responsive documents.

20   REQUEST FOR PRODUCTION NO. 25:

21       All Documents concerning DEB's performance as Consultant/Administrator

22   to the Trust Fund or Health Plan, including documents regarding:

23       a.    The supervision or evaluation of DEB's performance as

24   Consultant/Administrator to the Trust Fund or Health Plan;

25       b.    DEB's application of the Health Plan's eligibility rules; and

26       c.    DEB's verification that claims were only paid for persons who were

27   eligible to participate in the Health Plan at the time they received medical services.

28

- 12 -       ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
             REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

- 54 -

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

2        Subject to the general objections above, The Union will produce non-

3    privileged responsive documents

4    REQUEST FOR PRODUCTION NO. 26:

5        All drafts of any contract, arrangement, or agreement related to DEB's

6    provision of services to Local 6434 (or its predecessors) or the members of Local

7    6434 or its predecessors.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

9        The Union objects to this Request as overbroad, unduly burdensome and not

10   reasonably calculated to lead to the discovery of admissible evidence to the extent

11   that it seeks information related to services provided that are unrelated to the

12   matters in the Complaint.  Subject to this objection, the Union will produce non-

13   privileged responsive documents relating to the services at issue in the Complaint.

14   REQUEST FOR PRODUCTION NO. 27:

15       All drafts of any contract, arrangement, or agreement related to DEB's

16   provision of services to the Health Plan, the Health Plan's participants, or the Trust

17   Fund, including all drafts of the Consulting Agreement and Addendum.

18   RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

19       Subject to the general objections above, The Union will produce non-

20   privileged responsive documents.

21   REQUEST FOR PRODUCTION NO. 28:

22       All Documents concerning or relating to the drafting or negotiation of the

23   terms of the contracts, arrangements, or agreements referenced in Requests Number

24   26 and 27.

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

26       The Union objects to this Request as overbroad, unduly burdensome and not

27   reasonably calculated to lead to the discovery of admissible evidence to the extent

28   that it seeks documents concerning or relating to the drafting or negotiation of

- 13 -                    ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
                         REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   contracts, arrangement or agreements for services provided that are unrelated to the

2   matters in the Complaint.  Subject to this objection, objection, the Union will

3   produce non-privileged responsive documents.

4       REQUEST FOR PRODUCTION NO. 29:

5       All Documents related to or concerning the engagement, retention, or hiring

6   of PCIS by the Trust Fund or Health Plan.

7       RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

8       Subject to the general objections above, the Union will produce non-

9   privileged responsive documents.

10      REQUEST FOR PRODUCTION NO. 30:

11      All Documents related to or concerning PCIS's qualifications to serve as a

12  claims administrator of an employee benefit plan.

13      RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

14      Subject to the general objections above, the Union will produce non-

15  privileged responsive documents

16      REQUEST FOR PRODUCTION NO. 31:

17      All Documents concerning the responsibilities PCIS would assume as a third

18  party administrator to the Trust Fund or Health Plan.

19      RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

20      Subject to the general objections above, the Union will produce non-

21  privileged responsive documents

22      REQUEST FOR PRODUCTION NO. 32:

23      All Documents reflecting or related to communications about the

24  responsibilities PCIS would assume as a third party administrator to the Trust Fund

25  or Health Plan.

26      RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

27      Subject to the general objections above, the Union will produce non-

28  privileged responsive documents

- 14 -       ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
             REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1     **REQUEST FOR PRODUCTION NO. 33:**

2     All Documents concerning the determination of any administrative fee

3 charged by PCIS to the Trust Fund.

4     **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

5     Subject to the general objections above, the Union will produce non-

6 privileged responsive documents

7     **REQUEST FOR PRODUCTION NO. 34:**

8     All Documents reflecting or related to communications about any

9 administrative fee charged by PCIS to the Trust Fund.

10     **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

11     Subject to the general objections above, the Union will produce non-

12 privileged responsive documents.

13     **REQUEST FOR PRODUCTION NO. 35:**

14     All Documents concerning PCIS's performance as third party administrator

15 to the Trust Fund or Health Plan, including documents regarding:

16     a.     The supervision or evaluation of PCIS's performance as a third party

17 administrator to the Trust Fund or Health Plan;

18     b.     whether PCIS timely and properly processed claims;

19     c.     whether PCIS applied the Health Plan rules correctly;

20     d.     whether PCIS paid claims in a timely manner; and

21     e.     whether PCIS paid claims only for persons who were eligible to

22 participate in the Health Plan at the time they received medical services.

23     **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

24     Subject to the general objections above, and without agreeing that the Union

25 was responsible for supervising or evaluating PCIS, the Union will produce non-

26 privileged responsive documents.

27     **REQUEST FOR PRODUCTION NO. 36:**

28     All drafts of any contract, arrangement, or agreement related to PCIS's

- 15 -     ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    provision of services to the Health Plan, participants in the Health Plan, or the Trust

2    Fund, including the Administrative Claims Services Agreement entered into

3    between PCIS and the Trust Fund.

4        RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

5        Subject to the general objections above, The Union will produce non-

6    privileged responsive documents.

7        REQUEST FOR PRODUCTION NO. 37:

8        All Documents concerning or relating to the drafting or negotiation of the

9    terms of the contracts, arrangements, or agreements referenced in Request Number

10   36.

11       RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

12       Subject to the general objections above, the Union will produce non-

13   privileged responsive documents.

14       REQUEST FOR PRODUCTION NO. 38:

15       All Documents regarding the consideration of whether to provide, and

16   provision of, the TelaDoc service to the members of Local 6434 and participants in

17   the Health Plan.

18       RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

19       Subject to the general objections above, the Union will produce non-

20   privileged responsive documents.

21       REQUEST FOR PRODUCTION NO. 39:

22       All Documents containing or reflecting communications related to providing

23   or obtaining telemedicine services, including but not limited to, services offered by

24   TelaDoc for the Trust Fund, members of Local 6434, or participants in the Health

25   Plan.

26       RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

27       Subject to the general objections above, the Union will produce non-

28   privileged responsive documents.

- 16 -                ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
                      REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    REQUEST FOR PRODUCTION NO. 40:

2        All Documents containing or reflecting communications related to services

3    provided by TelaDoc to members of Local 6434 or participants in the Health Plan.

4        RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

5        Subject to the general objections above, the Union will produce non-

6    privileged responsive documents.

7    REQUEST FOR PRODUCTION NO. 41:

8        All Documents related to or concerning the projected or actual rate of

9    utilization of TelaDoc services by members of Local 6434 and participants in the

10   Health Plan.

11       RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

12       Subject to the general objections above, the Union will produce non-

13   privileged responsive documents.

14   REQUEST FOR PRODUCTION NO. 42:

15       All Documents relating to the determination of the price to be charged by

16   DEB to the Trust Fund for the TelaDoc service.

17       RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

18       Subject to the general objections above, the Union will produce non-

19   privileged responsive documents.

20   REQUEST FOR PRODUCTION NO. 43:

21       All Documents reflecting or containing communications regarding the price

22   to be charged by DEB to the Trust Fund for the TelaDoc service.

23       RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

24       Subject to the general objections above, the Union will produce non-

25   privileged responsive documents.

26   REQUEST FOR PRODUCTION NO. 44:

27       All Documents relating to the compensation DEB paid or agreed to pay to

28   TelaDoc for the provision of TelaDoc services to, or on behalf of, participants in

- 17 -        ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
              REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   the Health Plan.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

3   Subject to the general objections above, the Union will produce non-

4   privileged responsive documents.

5   **REQUEST FOR PRODUCTION NO. 45:**

6   All Documents reflecting or containing communications regarding the

7   compensation DEB paid or agreed to pay to TelaDoc for the provision of TelaDoc

8   services to, or on behalf of, participants in the Health Plan.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

10   Subject to the general objections above, the Union will produce non-

11   privileged responsive documents.

12   **REQUEST FOR PRODUCTION NO. 46:**

13   All drafts of any contract, agreement, or arrangement related to or concerning

14   the provision of the TelaDoc service to, or for the benefit of, participants in the

15   Health Plan, including, but not limited to, the Addendum.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

17   Subject to the general objections above, the Union will produce non-

18   privileged responsive documents.

19   **REQUEST FOR PRODUCTION NO. 47:**

20   All drafts of any contract, agreement, or arrangement between TelaDoc, its

21   officers, directors, or members of TelaDoc's Board of Advisors, and DEB or any of

22   DEB's directors, officers, or employees.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

24   Subject to the general objections above, the Union will produce non-

25   privileged responsive documents.

26   **REQUEST FOR PRODUCTION NO. 48:**

27   All drafts of any contract, agreement, or arrangement between TelaDoc, its

28   officers, directors, or members of TelaDoc's Board of Advisors and the trustees of

- 18 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    the Trust Fund.

2         RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

3         The Union is not aware of any such document.

4         REQUEST FOR PRODUCTION NO. 49:

5         All Documents concerning or relating to the drafting or negotiation of the

6    terms of the contracts, arrangements, or agreements referenced in Requests

7    Numbers 46-48.

8         RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

9         Subject to the general objections above, the Union will produce non-

10   privileged responsive documents.

11        REQUEST FOR PRODUCTION NO. 50:

12        All Documents (including all drafts) that reference, concern, promote, or

13   describe any aspect of the TelaDoc service that were distributed by any person or

14   entity to the Trust Fund or any of its trustees, the Health Plan or its participants,

15   Local 6434 or its members, or TelaDoc.

16        RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

17        The Union objects to this Request as overbroad and unduly burdensome to

18   the extent that it seeks any document that references TelaDoc, as scattered

19   references may exist in various documents that are not amenable to identification or

20   location.  Subject to that objection, the Union has conducted and will continue to

21   conduct a reasonable investigation of those files likely to refer to, concern, promote

22   or describe the TelaDoc service, and will produce non-privileged responsive

23   documents.

24        REQUEST FOR PRODUCTION NO. 51:

25        All Documents containing or reflecting communications between You and

26   TelaDoc regarding the creation, production, or distribution of documents

27   referencing, describing, discussing, or promoting TelaDoc.

28

- 19 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

2        Subject to the general objections above, the Union will produce non-

3    privileged responsive documents.

4    REQUEST FOR PRODUCTION NO. 52:

5        All Documents or materials referencing, describing, or promoting any

6    telemedicine provider other than TelaDoc that DEB discussed with Local 6434, the

7    Trust Fund or any of its trustees, or the Health Plan or its participants.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

9        The Union's investigation to date has not revealed any responsive

10    documents.

11    REQUEST FOR PRODUCTION NO. 53:

12        All Documents concerning or relating to the selection of the 1,000,000th

13    member of TelaDoc.

14    RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

15        Subject to the general objections above, the Union will produce non-

16    privileged responsive documents.

17    REQUEST FOR PRODUCTION NO. 54:

18        All Documents related to, concerning, or referencing Carl Dickerson's

19    presentation regarding TelaDoc to the Trust Fund's Board of Trustees.

20    RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

21        Subject to the general objections above, the Union will produce non-

22    privileged responsive documents.

23    REQUEST FOR PRODUCTION NO. 55:

24        All Documents related to or concerning any communications between You,

25    TelaDoc, or DEB and any employee, agent, or representative of the State of

26    California or its legislature regarding TelaDoc's or any other entity's authority or

27    ability to offer or provide any telemedicine service in California, or the

28    appropriateness or utility of such a telemedicine service.

- 20 -    ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

2        Subject to the general objections above, the Union will produce non-

3    privileged responsive documents.

4        REQUEST FOR PRODUCTION NO. 56:

5        All Documents relating to or concerning the selection, retention,

6    consideration of, and renewal of Western Dental as provider of the dental benefit to

7    members of Local 6434 (or its predecessors) and to participants in the Health Plan.

8        RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

9        Subject to the general objections above, the Union will produce non-

10   privileged responsive documents.

11       REQUEST FOR PRODUCTION NO. 57:

12       All drafts of any contract, agreement, or arrangement related to or concerning

13   the provision of the Western Dental benefit to, or for the benefit of, participants in

14   the Health Plan.

15       RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

16       Subject to the general objections above, the Union will produce non-

17   privileged responsive documents.

18       REQUEST FOR PRODUCTION NO. 58:

19       All Documents concerning or relating to the drafting or negotiation of the

20   terms of the contracts, arrangements, or agreements referenced in Request Number

21   58.

22       RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

23       The Union assumes that the Request seeks documents concerning or relating

24   to the drafting or negotiation of the terms of the contracts, arrangements, or

25   agreements referenced in Request Number 57.  Subject to the general objections

26   above, the Union will produce non-privileged responsive documents.

27       REQUEST FOR PRODUCTION NO. 59:

28       All Documents related to or concerning compensation or benefits provided

- 21 -          ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
                REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    directly or indirectly by DEB, TelaDoc, Western Dental, or PCIS to any trustee of

2    the Trust Fund or officer or employee of Local 6434 or member of the immediate

3    family of such persons or any entity owned by such persons or family members.

4         RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

5         Subject to the general objections above, the Union will produce non-

6    privileged responsive documents.

7         REQUEST FOR PRODUCTION NO. 60:

8         All Documents reflecting or containing communications between You and

9    any other person regarding any compensation received by DEB related to the

10   provision of the TelaDoc benefit to participants in the Health Plan or members of

11   Local 6434 (or its predecessors), including any quarterly statements DEB provided

12   to the Trust Fund or any of its trustees regarding compensation.

13        RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

14        Subject to the general objections above, the Union will produce non-

15   privileged responsive documents.

16        REQUEST FOR PRODUCTION NO. 61:

17        All Documents reflecting or containing communications between You and

18   any other person regarding any compensation received by DEB related to the

19   provision of the Western Dental benefit to participants in the Health Plan or

20   members of Local 6434 (or its predecessors), including any quarterly statements

21   Western Dental provided to the Trust Fund or any of its trustees regarding

22   compensation.

23        RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

24        Subject to the general objections above, the Union will produce non-

25   privileged responsive documents.

26        REQUEST FOR PRODUCTION NO. 62:

27        All statements or communications provided by DEB to the Trust Fund or any

28   of its trustees regarding commissions or any other compensation DEB received that

- 22 -          ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
                REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1  was directly or indirectly related to any benefits or services provided to the Trust

2  Fund or the Health Plan participants.

3        RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

4        Subject to the general objections above, the Union will produce non-

5  privileged responsive documents.

6        REQUEST FOR PRODUCTION NO. 63:

7        All communications between DEB and the Trust Fund regarding the

8  statements referenced in Request Number 62.

9        RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

10        Subject to the general objections above, the Union will produce non-

11  privileged responsive documents.

12        REQUEST FOR PRODUCTION NO. 64:

13        All Documents containing or reflecting communications between You and

14  any actuarial firm or consultant regarding the Trust Fund or Health Plan.

15        RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

16        The Union objects to this request as overbroad and not reasonably calculated

17  to lead to the discovery of admissible evidence to the extent that it seeks documents

18  not relating to actuarial projections regarding the Trust Fund or Health Plan.  The

19  Union further objects to this Request as overbroad and unduly burdensome in that it

20  is not limited in time.  The Union further objects to this request to the extent that it

21  seeks documents covered by work product privilege.  Subject to these objections,

22  The Union will produce non-privileged and relevant responsive documents.

23        REQUEST FOR PRODUCTION NO. 65:

24        All Documents concerning the financial condition or actuarial status of the

25  Trust Fund, including, but not limited to:

26        a.     All Documents containing any descriptions, predictions, projections,

27  analyses, evaluations, or opinions of the Trust Fund's financial condition or

28  actuarial status;

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1        b.     All Documents relied upon by any person in describing, predicting,

2   projecting, analyzing, evaluating, or forming an opinion related to the Trust Fund's

3   financial condition or actuarial status;

4        c.     All Documents referencing or relating to the preparation, content, or

5   disclosure of any description, prediction, projection, analysis, evaluation, or opinion

6   related to the Trust Fund's financial condition or actuarial status; and

7        d.     Communications related to the Trust Fund's financial condition or

8   actuarial status.

9   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 65</u>:

10       The Union objects to this request to the extent that it seeks documents

11   covered by work product privilege.  Subject to this objection, the Union will

12   produce non-privileged documents.

13   <u>REQUEST FOR PRODUCTION NO. 66</u>:

14       All Documents and communications related to or concerning the number and

15   cost of incurred and projected claims, the estimation of Incurred But Not Reported

16   claims, and the determination of funding reserve requirements, COBRA rates, and

17   Health Plan benefits.

18   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 66</u>:

19       The Union objects to this Request as overly broad and unduly burdensome in

20   that it is not limited in time.  The Union further objects to this Request as

21   overbroad, unduly burdensome and not reasonably calculated to lead to the

22   discovery of admissible evidence to the extent that it seeks all documents relating

23   plan participants' incurred claims and benefits that postdate the allegations in the

24   Complaint.  The Union further objects to this Request to the extent that it seeks

25   documents protected by attorney-client or work product privilege.  Subject to these

26   objections, the Union will produce non-privileged responsive documents.

27   <u>REQUEST FOR PRODUCTION NO. 67</u>:

28       All Documents related to enrollment of participants in the Health Plan.

- 24 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

2       The Union objects to this Request as overly broad and unduly burdensome in

3   that it is not limited in time.  The Union further objects to this request as overbroad,

4   unduly burdensome and not reasonably calculated to lead to the discovery of

5   admissible evidence to the extent that it seeks documents relating the enrollment of

6   plan participants after the timeframe of the allegations in the Complaint.  Subject to

7   these objections, the Union will produce non-privileged documents relating to

8   eligibility for enrollment for the time period in which Freeman was Trustee and

9   Defendant DEB was Administrator/Consultant, as well as non-privileged

10  documents relating to the Plan's enrollment policies for the time period following

11  the removal of Freeman and DEB from these roles.

12  REQUEST FOR PRODUCTION NO. 68:

13      All Documents related to eligibility for enrollment in the Health Plan, and

14  eligibility for receipt of Health Plan benefits.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

16      The Union objects to this Request as overly broad and unduly burdensome in

17  that it is not limited in time.  The Union further objects to this request as overbroad,

18  unduly burdensome and not reasonably calculated to lead to the discovery of

19  admissible evidence to the extent that it seeks documents relating the eligibility of

20  individual plan participants after the timeframe of the allegations in the Complaint.

21  Subject to these objections, the Union will produce non-privileged documents

22  relating to eligibility for enrollment for the time period in which Freeman was

23  Trustee and Defendant DEB was Administrator/Consultant, as well as non-

24  privileged documents relating to the Plan's enrollment eligibility policies for the

25  time period following the removal of Freeman and DEB from these roles.

26  REQUEST FOR PRODUCTION NO. 69:

27      All Documents related to or concerning the Health Plan's eligibility rules.

28

- 25 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

2       Subject to the general objections above, the Union will produce non-

3   privileged responsive documents.

4   REQUEST FOR PRODUCTION NO. 70:

5       All Documents related to or concerning the duties, decisions, or actions that

6   DEB, PCIS and others undertook or were tasked with related to eligibility

7   determinations or the preparation and maintenance of eligibility and enrollment

8   records, as well as the procedures and criteria considered or used in making

9   determinations as to whether a particular person was eligible to enroll in the Plan or

10  receive Plan benefits.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 70:

12      The Union objects to this Request as overly broad and unduly burdensome in

13  that it is not limited in time.  The Union further objects to this request as overbroad,

14  unduly burdensome and not reasonably calculated to lead to the discovery of

15  admissible evidence to the extent that it seeks documents relating the eligibility of

16  individual plan participants after the timeframe of the allegations in the Complaint.

17  Subject to these objections, the Union will produce non-privileged documents

18  relating to eligibility and enrollment for the time period in which Freeman was

19  Trustee and Defendant DEB was Administrator/Consultant, as well as non-

20  privileged documents relating to the Plan's enrollment eligibility policies for the

21  time period following the removal of Freeman and DEB from these roles.

22  REQUEST FOR PRODUCTION NO. 71:

23      All Documents related to or concerning the decision(s) to hire, engage, or

24  obtain the services of The Segal Company for the benefit of the Trust Fund or

25  Health Plan.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

27      The Union objects to this Request as overly broad in that it is not limited in

28  time.  The Union further objects to this Request to the extent that it seeks

- 26 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   documents protected by attorney-client or work product privilege.  Subject to these

2   objections, the Union will produce non-privileged responsive documents.

3        REQUEST FOR PRODUCTION NO. 72:

4        All Documents related to or concerning the decision(s) to hire, engage, or

5   obtain the services of Mercer Health & Benefits for the benefit of the Trust Fund or

6   Health Plan.

7        RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

8        Subject to the general objections above, the Union will produce non-

9   privileged responsive documents.

10        REQUEST FOR PRODUCTION NO. 73:

11        All Documents related to or concerning the decision(s) by the Trust Fund to

12   provide health and welfare benefits to the Health Plan participants through a self-

13   insured Plan.

14        RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

15        Subject to the general objections above, the Union will produce non-

16   privileged responsive documents.

17        REQUEST FOR PRODUCTION NO. 74:

18        All Documents related to or concerning the decision to increase the Health

19   Plan's annual maximum medical benefit from $12,500 to $15,000.

20        RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

21        Subject to the general objections above, the Union will produce non-

22   privileged responsive documents.

23        REQUEST FOR PRODUCTION NO. 75:

24        All Documents related to or concerning the decision to increase the Health

25   Plan's annual maximum medical benefit from $15,000 to $50,000.

26        RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

27        Subject to the general objections above, the Union will produce non-

28   privileged responsive documents.

- 27 -        ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
              REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1  REQUEST FOR PRODUCTION NO. 76:

2      All Documents related to or concerning the decision to increase the

3  maximum benefit for annual surgical center or outpatient hospital from $380 a year

4  to $5000 a year.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

6      Subject to the general objections above, the Union will produce non-

7  privileged responsive documents.

8  REQUEST FOR PRODUCTION NO. 77:

9      All Documents related to or concerning the decision to provide persons from

10  the San Bernardino County waiting list with medical benefits funded through the

11  Trust Fund at no cost to their employer.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

13      Subject to the general objections above, the Union will produce non-

14  privileged responsive documents.

15  REQUEST FOR PRODUCTION NO. 78:

16      All Documents related to or concerning decisions to waive employee or

17  employer contributions for the Western Dental benefit.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

19      Subject to the general objections above, the Union will produce non-

20  privileged responsive documents.

21  REQUEST FOR PRODUCTION NO. 79:

22      All Documents related to or concerning the decision to provide the TelaDoc

23  service to some participants in the Health Plan at no cost to those participants.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

25      Subject to the general objections above, the Union will produce non-

26  privileged responsive documents.

27  REQUEST FOR PRODUCTION NO. 80:

28      All Documents related to or concerning negotiations between Local 6434, the

- 28 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S IST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   Trust Fund or Health Plan (or their agents and representatives) and the Public

2   Authorities for Ventura, Del Norte, San Benito, San Bernardino, Imperial, Santa

3   Cruz, Madera, Shasta, Butte, and Alameda Counties (or their agents and

4   representatives) regarding the Health Plan or participation in the Trust Fund.

5       RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

6       The Union objects to this Request as unduly burdensome in that the Request

7   for "all Documents" concerning negotiations with these Counties "regarding the

8   Health Plan or participation in the Trust Fund" would require the collection,

9   compilation and review of thousands of pages of unindexed documents, many of

10  which are hand-written, which are largely redundant and not relevant to any of the

11  claims and defenses asserted in this litigation.  Subject to that objection, a

12  reasonable review of bargaining materials related to negotiations with each of the

13  specified Counties was conducted and non-privileged responsive documents will be

14  produced.

15      REQUEST FOR PRODUCTION NO. 81:

16      All actuarial reports prepared by The Segal Company and Documents

17  relating thereto.

18      RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

19      Subject to the general objections above, the Union will produce non-

20  privileged responsive documents.

21      REQUEST FOR PRODUCTION NO. 82:

22      All Documents received from The Segal Company reflecting or containing

23  any billings with respect to services performed for the Trust Fund or the Health

24  Plan.

25      RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

26      The Union objects to this request to the extent that it seeks documents that

27  contain information subject to a work product privilege.  Subject to this objection,

28  the Union will produce non-privileged responsive documents.

- 29 -      ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
            REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

REQUEST FOR PRODUCTION NO. 83:

All other Documents reflecting any involvement of The Segal Company in connection with the Health Plan or the Trust Fund or in connection with Mr. Freeman.

RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

The Union objects to this request to the extent that it seeks documents that contain information subject to a work product privilege. The Union further objects to this request insofar as it seeks documents relating to ongoing plan administration in the time period after Freeman ceased to be a Trustee of the Trust Fund and Defendant DEB was terminated as Consultant/Administrator to the Plan and Health Trust. Subject to this objection, the Union will produce non-privileged responsive documents.

REQUEST FOR PRODUCTION NO. 84:

All actuarial reports prepared by Mercer Health & Benefits and Documents relating thereto.

RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

Subject to the general objections above, the Union will produce non-privileged responsive documents.

REQUEST FOR PRODUCTION NO. 85:

All Documents received from Mercer Health & Benefits reflecting or containing any billings with respect to services performed for the Trust Fund or the Health Pan.

RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

Subject to the general objections above, the Union will produce non-privileged responsive documents.

REQUEST FOR PRODUCTION NO. 86:

All other Documents reflecting any involvement by Mercer Health & Benefits in connection with the Health Plan or the Trust Fund or in connection with

- 30 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    Mr. Freeman.

2        RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

3        Subject to the general objections above, the Union will produce non-

4    privileged responsive documents.

5        REQUEST FOR PRODUCTION NO. 87:

6        All annual reports prepared by EC Accountancy & Co. and Documents

7    relating thereto.

8        RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

9        The Union assumes that this Request seeks reports prepared by EC

10   Accountancy relating to the Trust Fund.  Subject to this qualification, the Union

11   will produce non-privileged responsive documents.

12       REQUEST FOR PRODUCTION NO. 88:

13       All Documents received from EC Accountancy & Co. reflecting or

14   containing any billings with respect to services performed for the Trust Fund or the

15   Health Plan.

16       RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

17       Subject to the general objections above, the Union will produce non-

18   privileged responsive documents.

19       REQUEST FOR PRODUCTION NO. 89:

20       All other Documents reflecting any involvement of EC Accountancy & Co.

21   in connection with the Health Plan or the Trust Fund or in connection with Mr.

22   Freeman.

23       RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

24       The Union objects to this Request as overbroad, unduly burdensome, and not

25   reasonably calculated to lead to the discovery of admissible evidence to the extent

26   that the Request seeks documents in connection with Mr. Freeman that are not

27   related to the matters at issue in the Complaint.  Subject to the general objections

28   above, the Union will produce non-privileged responsive documents relating to the

- 31 -          ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
               REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   Health Plan or the Trust Fund.

2       REQUEST FOR PRODUCTION NO. 90:

3       All Documents received from Schwartz, Steinsapir, Dohrmann and Sommers

4   reflecting or containing any billings with respect to services performed for the Trust

5   Fund or the Health Plan.

6       RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

7       The Union objects to this Request to the extent that it contains or would

8   reveal matters protected by attorney-client privilege or work product privilege.

9   Subject to that objection, the Union will produce non-privileged responsive

10   documents.

11      REQUEST FOR PRODUCTION NO. 91:

12      All other Documents reflecting any involvement of Schwartz, Steinsapir,

13   Dohrmann and Sommers in connection with the Health Plan or Trust Fund or in

14   connection with Mr. Freeman.

15      RESPONSE TO REQUEST FOR PRODUCTION NO. 91:

16      The Union objects to this Request to the extent that it contains or would

17   reveal matters protected by attorney-client privilege or work product privilege.  The

18   Union objects to this request as overbroad, unduly burdensome and not reasonably

19   calculated to lead to the discovery of admissible evidence to the extent that it seeks

20   documents regarding Mr. Freeman, as Mr. Freeman was President of Local 6434 or

21   its predecessors for nearly a decade and was involved with many matters that are

22   entirely unrelated to the claims or defenses asserted in this suit.  Subject to these

23   objections, the Union will produce non-privileged and relevant responsive

24   documents relating to the Health Plan or Trust Fund.

25      REQUEST FOR PRODUCTION NO. 92:

26      All Documents received from Holguin, Garfield and Martinez reflecting or

27   containing any billings with respect to services performed for the Trust Fund or the

28   Health Plan.

- 32 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 92:

2       The Union objects to this Request to the extent that it contains or would

3   reveal matters protected by attorney-client privilege or work product privilege.

4   Subject to that objection, the Union will produce non-privileged responsive

5   documents.

6   REQUEST FOR PRODUCTION NO. 93:

7       All other Documents reflecting any involvement of Holguin, Garfield and

8   Martinez in connection with the Health Plan or Trust Fund or in connection with

9   Mr. Freeman.

10   RESPONSE TO REQUEST FOR PRODUCTION NO. 93:

11       The Union objects to this request as overbroad, unduly burdensome and not

12   reasonably calculated to lead to the discovery of admissible evidence to the extent

13   that it seeks documents regarding Mr. Freeman, as Mr. Freeman was President of

14   Local 6434 or its predecessors for nearly a decade and was involved with many

15   matters that are entirely unrelated to the claims or defenses asserted in this suit.

16   The Union further objects to this Request to the extent that it contains or would

17   reveal matters protected by attorney-client privilege or work product privilege.

18   Subject to these objections, the Union will produce non-privileged relevant and

19   responsive documents relating to the Health Plan or Trust Fund.

20   REQUEST FOR PRODUCTION NO. 94:

21       All Documents containing or reflecting any communications by Barnes

22   Mosher Whitehurst Lauter & Partners regarding any claim asserted in the

23   Complaint or regarding Mr. Freeman.

24   RESPONSE TO REQUEST FOR PRODUCTION NO. 94:

25       The Union objects to this Request as overbroad, unduly burdensome and not

26   reasonably calculated to lead to the discovery of admissible evidence to the extent

27   that the Request seeks documents in connection with Mr. Freeman that are not

28   related to the matters at issue in the Complaint.  Subject to this objection, The

- 33 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    Union's investigation to date has not revealed any relevant responsive documents.

2        **REQUEST FOR PRODUCTION NO. 95:**

3        All Documents containing or reflecting any communications by The Segal

4    Company regarding any claim asserted in the Complaint or regarding Mr. Freeman.

5        **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

6        The Union objects to this Request as overbroad, unduly burdensome, and not

7    reasonably calculated to lead to the discovery of admissible evidence to the extent

8    that the Request seeks documents in connection with Mr. Freeman that are not

9    related to the matters at issue in the Complaint.  The Union further objects to this

10   Request insofar as it seeks documents that contain or would reveal information

11   protected by work product privilege or attorney client privilege.  Subject to these

12   objections, the Union will produce non-privileged responsive documents regarding

13   any claim asserted in the Complaint.

14       **REQUEST FOR PRODUCTION NO. 96:**

15       All Documents containing or reflecting any communications by Gleason &

16   Associates regarding any claim asserted in the Complaint or regarding Mr.

17   Freeman.

18       **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

19       The Union objects to this Request as overbroad, unduly burdensome, and not

20   reasonably calculated to lead to the discovery of admissible evidence to the extent

21   that the Request seeks documents in connection with Mr. Freeman that are not

22   related to the matters at issue in the Complaint.  The Union further objects to this

23   Request insofar as it seeks documents that contain or would reveal information

24   protected by work product privilege.  Subject to that objection, the Union will

25   produce non-privileged responsive documents regarding any claim asserted in the

26   Complaint.

27       **REQUEST FOR PRODUCTION NO. 97:**

28       All Documents containing or reflecting any communications by Bedrock

- 34 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   Strategies, Inc. regarding any claim asserted in the Complaint or regarding Mr.

2   Freeman.

3   RESPONSE TO REQUEST FOR PRODUCTION NO. 97:

4   The Union objects to this Request as overbroad, unduly burdensome and not

5   reasonably calculated to lead to the discovery of admissible evidence to the extent

6   that it seeks documents regarding Mr. Freeman, as Mr. Freeman was President of

7   Local 6434 or its predecessors for nearly a decade and was involved with many

8   matters that are entirely unrelated to the claims or defenses asserted in this suit.

9   Subject to this objection, the Union will produce non-privileged responsive

10  documents regarding any claim asserted in the Complaint.

11  REQUEST FOR PRODUCTION NO. 98:

12  All Documents containing or reflecting any communications by Mercer

13  Health & Benefits regarding any claim asserted in the Complaint or regarding Mr.

14  Freeman.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 98:

16  The Union objects to this Request as overbroad, unduly burdensome, and not

17  reasonably calculated to lead to the discovery of admissible evidence to the extent

18  that the Request seeks documents in connection with Mr. Freeman that are not

19  related to the matters at issue in the Complaint, as Mr. Freeman was President of

20  Local 6434 or its predecessors for nearly a decade and was involved with many

21  matters that are entirely unrelated to the claims or defenses asserted in this suit.

22  Subject to the general objections above, the Union will produce non-privileged

23  responsive documents regarding any claim asserted in the Complaint.

24  REQUEST FOR PRODUCTION NO. 99:

25  All Documents containing or reflecting any communications by Schwartz,

26  Steinsapir, Dohrmann and Sommers regarding any claim asserted in the Complaint

27  or regarding Mr. Freeman.

28

- 35 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 99</u>:

2        The Union objects to this request as overbroad, unduly burdensome and not

3    reasonably calculated to lead to the discovery of admissible evidence to the extent

4    that it seeks documents regarding Mr. Freeman, as Mr. Freeman was President of

5    Local 6434 or its predecessors for nearly a decade and was involved with many

6    matters that are entirely unrelated to the claims or defenses asserted in this suit.

7    The Union further objects to this request to the extent that it seeks documents that

8    contain or would reveal matters protected by attorney-client privilege or work

9    product privilege.  Subject to these objections, the Union will produce non-

10   privileged and relevant responsive documents regarding any claim asserted in the

11   Complaint.

12   <u>REQUEST FOR PRODUCTION NO. 100</u>:

13       All Documents containing or reflecting any communications by Holguin,

14   Garfield and Martinez regarding any claim asserted in the Complaint or regarding

15   Mr. Freeman.

16   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 100</u>:

17       The Union objects to this request as overbroad, unduly burdensome and not

18   reasonably calculated to lead to the discovery of admissible evidence to the extent

19   that it seeks documents regarding Mr. Freeman, as Mr. Freeman was President of

20   Local 6434 or its predecessors for nearly a decade and was involved with many

21   matters that are entirely unrelated to the claims or defenses asserted in this suit.

22   The Union further objects to this request to the extent that it seeks documents that

23   contain or would reveal matters protected by attorney-client privilege or work

24   product privilege.  Subject to these objections, the Union will produce non-

25   privileged and relevant responsive documents regarding any claim asserted in the

26   Complaint.

27   <u>REQUEST FOR PRODUCTION NO. 101</u>:

28       All draft and final summary plan descriptions for the Health Plan.

- 36 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

2        Subject to the general objections above, the Union will produce non-

3    privileged responsive documents.

4    REQUEST FOR PRODUCTION NO. 102:

5        All Form 5500s (and schedules) filed for the Health Plan.

6    RESPONSE TO REQUEST FOR PRODUCTION NO. 102:

7        Subject to the general objections above, the Union will produce non-

8    privileged responsive documents.

9    REQUEST FOR PRODUCTION NO. 103:

10       All Documents by EC Accountancy & Co. reflecting or containing any

11   billings with respect to services performed for the Trust Fund or the Health Plan.

12   RESPONSE TO REQUEST FOR PRODUCTION NO. 103:

13       Subject to the general objections above, the Union will produce non-

14   privileged responsive documents.

15   REQUEST FOR PRODUCTION NO. 104:

16       All Documents reflecting any involvement of EC Accountancy & Co. in

17   connection with the Health Plan or Trust Fund or in connection with Mr. Freeman.

18   RESPONSE TO REQUEST FOR PRODUCTION NO. 104:

19       The Union objects to this request as overbroad, unduly burdensome and not

20   reasonably calculated to lead to the discovery of admissible evidence to the extent

21   that it seeks documents regarding Mr. Freeman that are not otherwise related to the

22   Health Plan or Trust Fund, as Mr. Freeman was President of Local 6434 or its

23   predecessors for nearly a decade and was involved with many matters that are

24   entirely unrelated to the claims or defenses asserted in this suit.  Subject to this

25   objection, the Union will produce non-privileged responsive documents connected

26   with the Health Plan or Trust Fund.

27   REQUEST FOR PRODUCTION NO. 105:

28       All Documents containing or reflecting any communications by Barnes

- 37 -    ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
          REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1  Mosher Whitehurst Lauter & Partners regarding any claim asserted in the

2  Complaint or regarding Mr. Freeman.

3     RESPONSE TO REQUEST FOR PRODUCTION NO. 105:

4     This request is duplicative of Request for Production No. 94.

5     REQUEST FOR PRODUCTION NO. 106:

6     All Documents containing or reflecting any communications by Gleason &

7  Associates regarding any claim asserted in the Complaint or regarding Mr.

8  Freeman.

9     RESPONSE TO REQUEST FOR PRODUCTION NO. 106:

10     This request is duplicative of Request for Production No. 96.

11     REQUEST FOR PRODUCTION NO. 107:

12     All Documents containing or reflecting any communications by Bedrock

13  Strategies, Inc. regarding any claim asserted in the Complaint or regarding Mr.

14  Freeman.

15     RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

16     This request is duplicative of Request for Production No. 97.

17     REQUEST FOR PRODUCTION NO. 108:

18     All Documents reflecting any involvement by Mercer Health & Benefits in

19  connection with the Trust Fund or Health Plan or in connection with Mr. Freeman.

20     RESPONSE TO REQUEST FOR PRODUCTION NO. 108:

21     The Union objects to this Request as overbroad, unduly burdensome and not

22  reasonably calculated to lead to the discovery of admissible evidence to the extent

23  that it seeks documents regarding Mr. Freeman, as Mr. Freeman was President of

24  Local 6434 or its predecessors for nearly a decade and was involved with many

25  matters that are entirely unrelated to the claims or defenses asserted in this suit.

26  Subject to this objection, the Union will produce non-privileged responsive

27  documents relating to the Trust Fund or Health Plan.

28

- 38 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    REQUEST FOR PRODUCTION NO. 109:

2        All Documents containing or reflecting any communications by an

3    investigator regarding any claim asserted in the Complaint or regarding Mr.

4    Freeman.

5        RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

6        The Union objects to this request as vague and ambiguous as to the term

7    "investigator."  The Union further objects to this request as overbroad, unduly

8    burdensome and not reasonably calculated to lead to the discovery of admissible

9    evidence to the extent that it seeks documents regarding Mr. Freeman, as Mr.

10   Freeman was President of Local 6434 or its predecessors for nearly a decade and

11   was involved with many matters that are entirely unrelated to the claims or defenses

12   asserted in this suit.  The Union further objects to this request to the extent it seeks

13   documents containing, or that would reveal, matters protected by work product or

14   attorney-client privilege.  Subject to these objections, the Union will produce non-

15   privileged responsive materials regarding any claim asserted in the Complaint.

16   REQUEST FOR PRODUCTION NO. 110:

17       All draft and final summary plan descriptions for the Health Plan.

18   RESPONSE TO REQUEST FOR PRODUCTION NO. 110:

19       This request is duplicative of Request for Production No. 101.

20   REQUEST FOR PRODUCTION NO. 111:

21       All Form 5500s (and schedules) filed for the Health Plan.

22   RESPONSE TO REQUEST FOR PRODUCTION NO. 111:

23       This request is duplicative of Request for Production No. 102.

24   REQUEST FOR PRODUCTION NO. 112:

25       To the extent not produced in response to the foregoing requests, all

26   Documents relating to the design, implementation and administration of the Health

27   Plan or Trust Fund.

28

- 39 -

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 112</u>:

2        The Union objects to this request as overbroad, unduly burdensome and not

3    reasonably calculated to lead to the discovery of admissible evidence to the extent

4    that it seeks all documents relating to the ongoing administration of the Health Plan

5    and Trust Fund in the period of time after Freeman ceased to be Trustee, PCIS was

6    terminated as Plan Administrator, and DEB was terminated as Administrator/-

7    Consultant.  Subject to that objection, the Union will produce documents relating to

8    the design, implementation and administration of the Health Plan and Trust Fund

9    from the time period that Freeman was Trustee, PCIS was Plan Administrator, or

10    DEB was Administrator/Consultant to the Plan and Trust Fund, as well as

11    documents relating to the design and policies of the Plan and Trust Fund after that

12    time period.

13    <u>REQUEST FOR PRODUCTION NO. 113</u>:

14        To the extent not produced in response to the foregoing requests, all

15    Documents containing or reflecting any communications between the Trust Fund or

16    Local 6434 and the Service Employees International Union (including its officers,

17    directors, employee, and agents) regarding any claim asserted in the Complaint or

18    regarding Mr. Freeman.

19    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 113</u>:

20        The Union objects to this request as overbroad, unduly burdensome and not

21    reasonably calculated to lead to the discovery of admissible evidence to the extent

22    that it seeks documents regarding Mr. Freeman that are unrelated to any claim

23    asserted in the Complaint, as Mr. Freeman was president of Local 6434 or its

24    predecessor for nearly ten years, during which time Local 6434 and Mr. Freeman

25    had a number of communications with Local 6434's international affiliate, the

26    Service Employees International Union, which are entirely unrelated to the claims

27    and defenses asserted in this suit.  Subject to these objections, the Union will

28    produce non-privileged responsive documents relating to the claims asserted in the

- 40 -      ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
                   REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

1   Complaint.

2       **REQUEST FOR PRODUCTION NO. 114:**

3          All Documents reflecting or containing communications between the Trust

4   Fund or Local 6434 or the Service Employees International Union and their various

5   insurers regarding any claim asserted in the Complaint or regarding Mr. Freeman.

6       **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

7          The Union objects to this request as overbroad, unduly burdensome and not

8   reasonably calculated to lead to the discovery of admissible evidence to the extent

9   that it seeks communications with insurance providers regarding Mr. Freeman that

10   are unrelated to any claim asserted in the Complaint.  Subject to this objection, the

11   Union will produce non-privileged communications with the Trust Fund's insurer

12   regarding the matters asserted in this Complaint.

13       **REQUEST FOR PRODUCTION NUMBER 115:**

14          To the extent not produced in response to the foregoing requests, all

15   Documents that you intend to introduce or otherwise use in the trial of this case.

16       **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

17          This Request is premature and the Union is not able to respond to this

18   Request at this early stage in the litigation, but will seasonably supplement this

19   Response as necessary.

20       **REQUEST FOR PRODUCTION NO. 116:**

21          To the extent not produced in response to the foregoing requests, all

22   Documents that relate in any way to any claim asserted in the Complaint.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

RESPONSE TO REQUEST FOR PRODUCTION NO. 116:

Subject to the general objections above, the Union will produce non-privileged responsive documents.


Dated:    February 23, 2010              Scott A. Kronland
                                         Jennifer Sung
                                         ALTSHULER BERZON LLP


                                         By: _____

                                         Attorneys for Plaintiff
                                         SEIU UNITED LONG TERM CARE
                                         WORKERS LOCAL 6434

ULTCW 6434'S RESPONSES TO T.FREEMAN'S 1ST
                              REQS. FOR PRODUCTION, NO. CV 09-4279 MMM

# PROOF OF SERVICE

**CASE:**   Ronches, et al., vs. Dickerson Employee Benefits, Inc., et al.
**CASE NO:** U.S. District Court, C.D. Cal., No. 2:09-CV-4279 (MMM)

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action; my business address is 177 Post Street, Suite 300, San Francisco, California 94108. On February 23, 2010, I served the following document(s):

**Plaintiff United Long Term Care Workers Local 6434's Objections And Responses To Defendant Tyrone Freeman's First Set Of Requests For Production Of Documents And Things**

on the parties, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

<u>By First Class Mail:</u> I placed the envelope, sealed and with first-class postage fully prepaid, for collection and mailing following our ordinary business practices. I am readily familiar with the practice of Altshuler Berzon LLP for the collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Mail Postal Service in San Francisco, California, for collection and mailing to the office of the addressee on the date shown herein.

| ADDRESSEE | PARTY |
|---|---|
| Glenn Rothner<br>Ellen Greenstone<br>Rothner Segall Greenstone & Leheny<br>510 South Marengo Avenue<br>Pasadena, CA 91101 | Plaintiff John Ronches |
| Julia Penny Clark<br>Robert Alexander<br>Kathleen M. Keller<br>Bredhoff & Kaiser P.L.L.C.<br>805 15th Street, N.W., Suite 1000<br>Washington, DC 20005 | Plaintiff John Ronches |
| Fred B. Griffin<br>Albert Tong<br>Burke, Williams & Sorensen, LLP<br>444 South Flower Street, Suite 2400<br>Los Angeles, CA 90071-2953 | Defendant Dickerson Employee Benefits, Inc. |
| Kelly L Kress<br>David L. Bacon<br>Nixon Peabody LLP<br>Gas Company Tower<br>555 West Fifth St., 46th Floor<br>Los Angeles, CA 90013 | Defendant Tyrone Freeman |
| Gordon James Calhoun<br>Erin L. Hiley<br>Lewis Brisbois Bisgaard & Smith LLP<br>221 N Figueroa St., #1200<br>Los Angeles, CA 90012 | Defendant Teladoc, Inc. |

PROOF OF SERVICE,
CASE NO. CV 09-4279 MMM (PJWX)

1      I declare under penalty of perjury under the laws of the State of California

2 that the foregoing is true and correct.  Executed this February 23, 2010, at San Francisco, California.

3

4                                Jean Perley

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

PROOF OF SERVICE,
CASE NO.  CV 09-4279 MMM (PJWX)