David L. Bacon (Bar No. 042692)
E-mail: dbacon@nixonpeabody.com
Michael P. Curtis (Bar No. 252392)
E-mail: mcurtis@nixonpeabody.com
Nixon Peabody LLP
Gas Company Tower
555 West Fifth Street, 46th Floor
Los Angeles, CA 90013
Tel: (213) 629-6000
Fax: (213) 629-6001

Attorneys for Defendant
TYRONE FREEMAN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Laphonza Butler, as Fiduciary of the Long Term Care Workers Health Plan, on behalf of the Plan participants and beneficiaries, and as Trustee of the Long Term Care Workers Health Trust Fund, on behalf of the Trust and its beneficiaries, and<br><br>SEIU United Long Term Care Workers Local 6434, as Fiduciary of the Long Term Care Workers Health Plan, on its own behalf, and on behalf of its members,<br><br>    Plaintiffs,<br><br>vs.<br><br>Dickerson Employee Benefits, Inc., Tyrone Freeman, and TelaDoc, Inc.,<br><br>    Defendants. | Case No. CV09-4279 JST (PJWx)<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT TYRONE FREEMAN'S LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER DOCUMENT PRODUCTION**<br><br>Date: December 22, 2010<br>Time: 11:00 a.m.<br>Courtroom: 827A<br>Hon. Patrick J. Walsh<br><br>Discovery Cut-Off Date: 11/18/10<br>Pre-Trial Conf. Date: 3/21/11<br>Trial Date: 4/19/11 |

12991376.1

# I. MR. FREEMAN'S MOTION TO COMPEL IS TIMELY

With little to offer in the way of argument to support their improper withholding of relevant documents, Plaintiffs instead attempt to cast Mr. Freeman's motion to compel as untimely. Plaintiffs are incorrect.

## A. Judge Staton Tucker's Standing Order Set the Deadline for This Motion

This case is before the Hon. Josephine Staton Tucker. Judge Staton Tucker's standing orders control the procedure of cases in her court and are available on her "Judges' Procedures and Schedules" webpage. One of Judge Staton Tucker's standing orders is titled "Order on Civil Trial." (This order is attached hereto as Exhibit A for the Court's convenience.) That standing order sets the deadline for this motion:

> 5. <u>Discovery Motions</u>: Any motion respecting the inadequacy of responses to discovery must be filed and served not later that ten (10) days after the discovery cut-off date.

Plaintiffs argue Judge Staton Tucker's standing order does not control based on the initial scheduling order (Doc. 60) entered by the judge previously assigned to this case, the Hon. Margaret M. Morrow. But that deadline was decidedly Judge Morrow's procedure, not Judge Staton Tucker's. Judge Staton Tucker's order extending the scheduling dates (Doc. 139) did not include Judge Morrow's discovery motion deadline.[1] Its absence is not surprising because that deadline would not be in accord with the procedures in Judge Staton Tucker's courtroom, where discovery motions are not due until ten days after the discovery cut-off.

## B. Mr. Freeman Had to Bring This Motion at The End of The Discovery Period

As explained in the Joint Stipulation, Plaintiffs have responded to Mr. Freeman's January 13, 2010 document requests by engaging in a "rolling production" throughout this year, and continued to produce documents – and, significantly, privilege logs – right through the discovery cut-off. Plaintiffs' apparent attempt to run

---

[1] Contrary to Plaintiffs' implication, the "only as follows" language that qualified the fact discovery extension in this order did not purport to regulate motions to compel.

- 1 -

13262775.2

DEFENDANT TYRONE FREEMAN'S LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER DOCUMENT PRODUCTION

out the clock through a drawn-out document and privilege log production is the primary reason for any delay, not Mr. Freeman.

In their portion of the Joint Stipulation, Plaintiffs argue that Mr. Freeman should have moved to compel while Plaintiffs were still in midst of their document production. Surely, the Court did not want (and Plaintiffs cannot truly believe it would have been appropriate for) Mr. Freeman to file a motion to compel each time Plaintiffs produced a log of withheld or redacted documents. While the parties stated their positions on the privilege issue in May 2010, Mr. Freeman needed to see which documents were produced and which were withheld as Plaintiffs applied this amorphous category of "plan design" before he could assess the propriety of Plaintiffs' production. The Central District's directive for litigants to attempt resolution of discovery issues without court intervention demanded nothing less.

Plaintiffs' argument that they have been prejudiced because they spent time reviewing and separating out "the documents that were created during Mr. Freeman's tenure as fiduciary to the Health Plan or trustee of the Trust Fund and that related in any way to decisions at issue in this litigation" fails on its own terms. (Joint Stipulation p. 38.) First, no matter when this motion was brought, Plaintiffs would have had to engage in this exercise because many of the withheld privileged documents are outside the scope of this motion. Second, as explained below, the document descriptions on the privilege and redaction logs indicate that the withheld documents are central to the decisions at issue in this litigation.

## II. THE DOCUMENTS MR. FREEMAN SEEKS TO COMPEL ARE NECESSARY TO ENSURE THE FAIRNESS OF THE PROCEEDINGS

Plaintiffs do not dispute that bringing their claims against Mr. Freeman waived their attorney-client privilege to the extent "needed to ensure the fairness of the proceedings." *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003). They instead argue that they already produced all documents required under the "fairness principle." They plainly have not. They have not even produced the documents they agreed to

- 2 -

13262775.2

DEFENDANT TYRONE FREEMAN'S LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER DOCUMENT PRODUCTION

produce in their original discovery responses.[2] (*See* No. 111 to Ronches; No. 112 to SEIU). Mr. Freeman will be robbed of a fair proceeding if Plaintiffs get to unilaterally decide which documents he gets to use in his defense and which he does not.

Mr. Freeman is entitled to the documents that reflect attorney advice regarding plan design. Plan design includes, for example, the basic structure of the plan and the Trust Fund. Mr. Freeman's analogy to a mechanical device is apt. The plan's structure includes as a pivotal point a designation that Dickerson serve as third-party administrator for the plan and that contracts with other service providers be between Dickerson and those service providers, such as TelaDoc and Western Dental, rather than directly between the Trust and the service providers. Under this design, evidently reviewed and approved by the union labor law firm attorneys, the Trust paid monies to Dickerson for benefits, with Dickerson then paying the service providers with these plan assets after taking commissions off the top. Plaintiffs now contend that this plan design was per se invalid as involving fiduciary self-dealing by Dickerson under ERISA's "prohibited transaction" rules in ERISA section 406(b), and not subject to an exemption under ERISA section 408(b)(2) for "reasonable compensation" because Dickerson, in Plaintiffs' view, was a fiduciary under the plan design.

It is essential that the Court and Mr. Freeman be able to review all legal advice given by the two sets of union labor law firm attorneys regarding plan design to determine what advice was given by those attorneys and whether the Trustees acted prudently based upon the actual advice given. None of the Trustees, including Mr. Freeman, would have allowed a plan design to be implemented if under that plan design all transactions entered into between the Trust and Dickerson, and between Dickerson and the service providers, were tainted, self-dealing "prohibited

---

[2] If the Court determines that Plaintiffs are not bound by their discovery responses, or that some question as to relevance remains, Mr. Freeman requests the Court compel production of (or at least review in camera) the documents he has identified in his communications to Plaintiffs on November 3 and 17, 2010.

- 3 -

13262775.2

DEFENDANT TYRONE FREEMAN'S LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER DOCUMENT PRODUCTION

transactions" with no exemption for "reasonable compensation" so that the Trustees would being personally liable for all monies paid. Plaintiffs are improperly attempting to use their privilege claims as a "sword" to attack Mr. Freeman by withholding information vital to his defense and, at the same time, as a "shield" to protect the union labor law firm from potential professional liability for plan design or other errors.

### III.   THIRD PARTY DECLARATIONS ARE NOT WORK PRODUCT

Plaintiffs cannot dispute that the weight of authority holds that third party witness declarations and affidavits are not protected work product and are therefore discoverable. *See Murphy v. Kmart Corp.*, 259 F.R.D. 421, 428-32 (D.S.D. 2009) (describing this as the "majority view" and collecting cases). A leading treatise states:

> *Even if drafted by an attorney*, statements or affidavits from nonparty witnesses are not normally protected by the work product doctrine. This is because the statement or affidavit purports to be a statement of facts within the personal knowledge of the witness, and not an expression of the opinion of counsel.

Rutter Group Practice Guide: Federal Civil Procedure Before Trial (Calif. & 9th Cir. ed. 2010), § 11:917 (emphasis in original, internal quotes omitted). "At its core, the work-product doctrine shelters the mental processes of the attorney," *United States v. Nobles*, 422 U.S. 225, 238 (1975), not "the factual observations of percipient witnesses." *Young v. California*, 2007 U.S. Dist. LEXIS 97485, at *2-3 (S.D. Cal. Oct. 1, 2007) (third party witnesses' "personal observations and recollections" in written responses to attorney's questionnaire were not work product and were discoverable).

Plaintiffs mischaracterize *Horita v. Kauai Island Utility Coop.*, 2008 WL 2901236, *3 (D. Haw. July 29, 2008), which held that "verbatim witness statements" were discoverable, in order to draw a fictional line between declarations prepared by an attorney (which Plaintiffs argue constitute work product) and those prepared by the witnesses themselves (which Plaintiffs appear to agree do not). Yet recent federal district court decisions have rejected precisely this hair-splitting. "The fact that

- 4 -

13262775.2

[attorneys have a role in preparing affidavits of laypersons] in itself does not suffice to convert what is otherwise purely factual testimony by an affiant into work product." *Ford Motor Co. v. Edgewood Props.*, 257 F.R.D. 418, 422 (D.N.J. 2009); *see also* Murphy, 259 F.R.D. at 428-31 (D.S.D. 2009) (rejecting work product protection where the "attorney drafts an affidavit for a witness to adopt and sign under oath following an interview"); *Walker v. George Koch Sons, Inc.*, 2008 U.S. Dist. LEXIS 81919, at *17-19 (S.D. Miss. Sept. 18, 2008) (same).

Federal district courts have also squarely rejected Plaintiffs' arguments that Mr. Freeman could have obtained the information in the withheld declarations through other means, or that production now would "disadvantage" Plaintiffs. "That [a] witness' knowledge should be discoverable on a first-hand basis, but not in the form of [a declaration] given to opposing counsel in writing, strikes the court as an example of elevating form above substance; and, as far as the qualified work product privilege is concerned, a fiction." *Dobbs v. Lamonts Apparel*, 155 F.R.D. 650, 652 (D. Alaska 1994); *see also Milwaukee Concrete Studios, Ltd. v. Greeley Ornamental Concrete Products, Inc.*, 140 F.R.D. 373, 379 (E.D. Wis. 1991) (party's claim that "it may interpose the work product doctrine because it [] put words in the mouths of those third-party affiants as part of its litigation strategy . . . misperceive[d] the nature of the doctrine"). "What counsel are entitled to protect is *their* work and *their* thoughts and *their* analysis of the case, not the knowledge possessed by third parties." *Dobbs*, 155 F.R.D. at 653 (emphasis in original). Here, as in *Dobbs*, production of the withheld "verbatim witness statement[s], even [though] solicited by counsel, is per se necessary to the full and efficient development of [the] case." *Id.*

Dated: December 6, 2010

    Respectfully submitted,
    NIXON PEABODY LLP

    By: /s/ _____
    David L. Bacon
    Attorneys for Defendant Tyrone Freeman

- 5 -

13262775.2

EXHIBIT "A"

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| * | ) | Case No. - JST (x) |
| | ) | |
| Plaintiff/s, | ) | |
| | ) | **ORDER ON COURT/JURY TRIAL** |
| v. | ) | |
| | ) | **Final Pre-Trial Conference:** |
| * | ) | |
| | ) | _____ |
| | ) | at 1:30 p.m. |
| Defendant/s. | ) | **Exhibit Conference** |
| | ) | |
| | | _____ |
| | | at 3:00 p.m. |
| | | **Trial:** |
| | | _____ |
| | | at 9:00 a.m. |

1

**SCHEDULING:**

1. **In General**: The last day for hearing on any motion to join other parties or to amend the pleadings shall be specified in the Scheduling Order. All unserved parties shall be dismissed no later than the date set for the Final Pre-Trial Conference.

2. **Motions for Summary Judgment or Partial Summary Judgment**: Motions for Summary Judgment or Partial Summary Judgment shall be heard no later than the last day for hearing motions, as set forth in the Scheduling Order.

3. **Settlement Procedures**: It is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties. The Court favors any reasonable means to accomplish this goal. All settlement discussions will be conducted in compliance with Local Rule 16-15. Consistent with Local Rule 16-15.2, the Scheduling Order establishes a deadline for participation in settlement proceedings. The parties must elect one of the settlement procedures outlined in Local Rule 16-15.4. Note, however, that the parties may not choose a settlement conference before the magistrate judge. If the parties do not timely file a Notice of Settlement Procedure Selection, the Court may order the parties to participate in any of the settlement procedures set forth in the Local Rule.

4. **Discovery Cut-Off**: The Scheduling Order establishes a cut-off date for discovery in this action. This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed. The Court will not approve stipulations between counsel that permit responses to be served after the cut-off date except in extraordinary circumstances.

5. **Discovery Motions**: Any motion respecting the inadequacy of responses to discovery must be filed and served not later than ten (10) days after the discovery cut-off date. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. The Court expects that

counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California.

6. **Expert Discovery**: The above discovery cut-off date includes expert discovery, unless otherwise ordered by the Court.

**FINAL PRE-TRIAL CONFERENCE**:

This case has been placed on calendar for a Final Pre-Trial Conference pursuant to Fed. R. Civ. P. 16. Strict compliance with the requirements of the Federal Rules of Civil Procedure and the Local Rules is mandatory. Counsel will lodge carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and a Final Pre-Trial Conference Order in accordance with the provisions of Local Rules 16-4 and 16-7. The Memoranda of Contentions of Fact and Law will be served no later than twenty-one (21) calendar days before the Pre-Trial Conference. The Final Pre-Trial Conference Order will be lodged no later than eleven (11) calendar days before the Pre-Trial Conference. The form of the Final Pre-Trial Conference Order will be in conformity with the form set forth in Appendix A to the Local Rules.

**PREPARATION FOR TRIAL AND SCHEDULING EXHIBIT CONFERENCE FRIDAY BEFORE TRIAL**

The Court ORDERS that all counsel comply with the following in their preparation for trial:

1. **Motions In Limine**: All motions *in limine* will be heard at the Pre-Trial Conference. The purpose of these motions is to alert the Court to significant evidentiary issues that can be addressed and resolved prior to trial. All motions *in limine* must be filed and served in compliance with Local Rule 6-1. Opposition papers must be filed and served in compliance with Local Rule 7-9. Reply papers must be filed and served in compliance with Local Rule 7-10.

2. **Statement of the Case (Jury Trials)**: Counsel will prepare a joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the

commencement of voir dire. The statement should not be more than two or three paragraphs. The statement will be filed with the Court five (5) court days before the Pre-Trial Conference.

3. **Voir Dire (Jury Trials)**: At least four (4) court days before the Pre-Trial Conference, each counsel shall file with the Court any special questions requested to be put to prospective jurors on voir dire.

4. **Witness Lists**: A witness list will be prepared in compliance with Local Rule 16-5. The witness list will be filed no later than five (5) court days prior to the Pre-Trial Conference. Counsel will submit the names of the witnesses in the order that they are expected to testify, and provide, to the extent possible, an accurate estimate of the time needed for each witness for direct, cross, redirect and re-cross. Counsel will also provide a brief summary of each witness' testimony. If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative.

5. **Jury Instructions (Jury Trials)**: In a jury trial, jury instructions are to be filed no later than five (5) court days prior to the Pre-Trial Conference. The parties must submit joint jury instructions. The parties will meet and confer sufficiently in advance of the required submission date, in order to prepare the joint jury instructions. The instructions should be submitted in the order in which the parties wish to have the instructions read. This order should reflect a single organized sequence agreed to by all of the parties.

In the event that agreement cannot be reached, counsel will submit three (3) sets of instructions (with an extra set for the Court's law clerks) in the following format: (1) the agreed upon instructions; (2) the instructions proposed by plaintiff and opposed by defendant; and (3) the instructions proposed by defendant and opposed by plaintiff. In addition, counsel must submit electronic versions (in Word format) to the Court at the

following email address: JST_Chambers@cacd.uscourts.gov. Instructions upon which agreement cannot be reached should reflect the basic disagreements among the parties as to the law. For disputed instructions, a party should note its objections to a proposed instruction and its reasons for putting forth its alternative on pages placed after its own alternative instruction.

6. **Exhibits and Exhibit Conference**:

   A.   **Exhibit List**: A joint exhibit list will be prepared in compliance with the example below and Local Rule 16-6.

| JOINT EXHIBIT LIST | | | | | |
|---|---|---|---|---|---|
| Case Name: | | | | | |
| Case Number: | | | | | |
| No. of Exhibit | Description | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|  |  |  |  |  |  |

The joint exhibit list will contain the information required by F.R.Civ.P. 26(a)(3)(A). The joint exhibit list will be filed no later than five (5) court days prior to the Pre-Trial Conference. In order to produce the joint exhibit list, the parties will meet and confer sufficiently in advance of the required submission date. As part of the meet and confer process, counsel will stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial. The exhibits to be so received will be noted on the extra copies of the exhibit lists.

   B.   **Exhibit Preparation**: All exhibits will be placed in loose leaf binders which are tabbed down the right side with exhibit numbers. The spine of the notebook is to be marked with the case name and number and the numbers of the exhibits contained therein. The notebooks are to be prepared with an original for the Clerk, which

will be tagged with the appropriate exhibit tags in the upper right-hand corner of the first page of each exhibit, and one copy for the Court. Each notebook will contain a list of the included exhibits. The exhibits are to be numbered in accordance with Local Rule 26-3.

   C. **Exhibit Conference**: AN EXHIBIT CONFERENCE REQUIRING THE ATTENDANCE OF TRIAL COUNSEL WILL BE HELD AT 3:00 P.M. ON THE FRIDAY BEFORE THE SCHEDULED TRIAL DATE IN COURTROOM 10A, UNLESS THE COURT ORDERS OTHERWISE. Exhibits are to be submitted to the Courtroom Deputy Clerk at the time of the exhibit conference.

  7. **Findings of Fact and Conclusions of Law (Court Trials)**: For any matter requiring findings of fact and conclusions of law, counsel for each party shall lodge and serve proposed findings of fact and conclusions of law as promptly as possible in compliance with Local Rule 52. In addition, counsel must submit electronic versions (in Word format) to the Court at the following email address: JST_Chambers@cacd.uscourts.gov.

**ATTORNEY AND PARTY CONDUCT AT TRIAL**:

  1. **Trial Schedule**: Unless otherwise ordered, trials will be held on Tuesdays through Thursdays from 9:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. with a 15-minute break during each session, and on Fridays from 8:00 a.m. to 2:00 p.m. with two 15-minute breaks and no lunch recess.

  2. **Trial Conduct**:

   A. **Opening Statements, Examining Witnesses, and Summation**

    1. At the end of each day, counsel presenting his or her case shall advise opposing counsel of the witnesses anticipated the following day with an estimate of the length of direct examination. Opposing counsel shall provide an estimate of the length of cross-examination. Cooperation of counsel will ensure a smooth flow of

witnesses. It is the responsibility of all counsel to arrange the appearance of witnesses in order to avoid delay.

      2. Opening statements, examination of witnesses, and summation will be from the lectern only. Counsel must not consume time by writing out words or drawing charts or diagrams. Counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

      3. The Court will honor reasonable time estimates for opening and closing addresses to the jury.

      4. In jury trials, where a party has more than one lawyer, only one may conduct the direct or cross-examination of a given witness.

      5. If a witness is on the stand when a recess is taken, it is counsel's duty to have the witness back on the stand, ready to proceed, when the court session resumes.

      6. If a witness was on the stand at adjournment, it is counsel's duty to have the witness adjacent to, but not on, the stand, ready to proceed when the court session resumes.

      7. It is counsel's duty to notify the Courtroom Deputy Clerk in advance if any witness should be accommodated by use of the witness stand's automated platform to accommodate witnesses who otherwise are unable to take the witness stand.

      8. The Court attempts to accommodate physicians, scientists, and all other professional witnesses and will, except in extraordinary circumstances, permit them to testify out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is objection, confer with the Court in advance.

    **B.**    **Objections and General Decorum**

      1. When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an

objection further, counsel must ask for permission to do so; the Court may or may not grant a request for conference at sidebar. The Court strongly discourages sidebars because they represent an inefficient use of jury time when matters can be anticipated.

2. Counsel must not approach the Clerk or the witness stand without specific permission. When permission is given, please return to the lectern when the purpose of the permission is finished. Counsel must not engage in questioning a witness at the witness stand.

3. Counsel must address all remarks to the Court. Counsel are not to address the Clerk, the Reporter, persons in the audience, or opposing counsel. If counsel wishes to speak with opposing counsel, counsel must ask permission to talk off the record. Any request for the re-reading of questions or answers shall be addressed to the Court.

4. Counsel must not make an offer of stipulation unless counsel has conferred with opposing counsel and has reason to believe the stipulation will be acceptable.

5. It is counsel's duty of the first day of trial to advise the Court of any commitments that may result in counsel's absence or late arrival.

**C.     Exhibits**

1. Each counsel should keep counsel's own list of exhibits and should keep track when each has been admitted in evidence.

2. Each counsel is responsible for any exhibits that counsel secures from the Clerk and, during all recesses and noontime and afternoon adjournments, counsel must return all exhibits in counsel's possession to the Clerk.

3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the Clerk mark it for identification. To save

time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

   4. Counsel should move exhibits into evidence as soon as admissibility is established, while they are freshly in the minds of all participants. If there is an objection, the motion to admit will be dealt with at the next available recess. In jury trials, no exhibit shall be read or displayed to the jury until admitted.

   5. Absent unusual circumstances, counsel must not ask witnesses to draw charts or diagrams nor ask the Court's permission for a witness to do so. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

   **D.**  **Depositions**:

   1. All depositions that will be used in the trial, either as evidence or for impeachment, must be signed and lodged with the Clerk on the first day of trial or such earlier date as the Court may order. For any deposition in which counsel is interested, counsel should check with the Clerk to confirm that the Clerk has the transcript and that the transcript is properly signed.

   2. In using depositions of an adverse party for impeachment, counsel shall first announce both the beginning and ending page and line references of the passage desired to be read, and allow opposing counsel an opportunity to state any objection. Counsel shall use either of the following procedures:

   3. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel may merely read the relevant portions of the deposition into the record.

   4. If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Then counsel may either ask the witness

further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask further questions. Counsel should have an extra copy of the deposition for this purpose.

5. Where a witness is absent and the witness' testimony is offered by deposition, please observe the following procedure. A reader should occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions.

### E. Advance Notice of Evidentiary or Difficult Questions

If counsel has reason to anticipate that a difficult question of law or evidence will raise legal argument, requiring research and/or briefing, counsel must give the Court advance notice. Counsel are directed to notify the Clerk at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine* (*see* Fed. R. Evid. 103). To the maximum extent possible such matters shall be taken outside normal trial hours (*e.g.*, recess, before or after the trial day).

The Clerk is ordered to serve a copy of this Order on counsel/parties in this action.

IT IS SO ORDERED.

DATED:

_____
JOSEPHINE STATON TUCKER
United States District Judge